**STATE of Maine**

v.

**Andrew J. SENKO.**

Supreme Judicial Court of Maine.

Argued March 17, 1983.

Decided March 31, 1983.

Paul Aranson, Dist. Atty., Jonathan R. Chapman (orally), Asst. Dist. Atty., Portland, for plaintiff.

Dennis Levandoski (orally), Portland, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

In this, the first operating-under-the-influence case involving a moped to reach us, it was alleged that the Defendant, Andrew J. Senko, on August 21, 1982, at South Portland, had operated a motor vehicle while under the influence of intoxicating liquor; and the parties had stipulated that the vehicle then and there operated was a moped.

When the District Court (Ninth District, Portland) granted the Defendant's pre-trial motion to dismiss the complaint on the

ground that our statute, 29 M.R.S.A. § 1312–B, does not embrace the operator of a moped, the State appealed to this Court.

In light of statutory provisions which define a "motor vehicle" as meaning any self-propelled vehicle not operated exclusively on tracks, including motorcycles, but not including snowmobiles, 29 M.R.S.A. § 1(7); which make the operator of a moped subject to all of the duties applicable to the driver of a vehicle by this Title, 29 M.R.S.A. § 1961; and which make the operator of a moped subject to all the penalties within this Title, 29 M.R.S.A. § 1963; the District Court was in error.[1]

The entry is:

Appeal sustained.

Order of dismissal vacated.

Remanded to District Court for further proceedings consistent with the opinion herein.

All concurring.

1. See *People v. Jordan,* 75 Cal.App.3d Supp. 1, 142 Cal.Rptr. 401, 405 (App.Dep't Super.Ct. 1977); *State v. Lyons,* 159 N.J.Super. 100, 386 A.2d 1378 (Super.Ct.App.Div.1978); *United States v. Stancil,* 422 A.2d 1285, 1287 (D.C. App.1980); *see generally* Annot., 66 A.L.R.2d 1146 (1959).