Tony ARMSTRONG, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 1184S450.

Supreme Court of Indiana.

Oct. 27, 1986.

Atley C. Price, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant-appellant, Tony Armstrong, appeals his conviction of murder. He argues the trial court erroneously denied his motion to exclude evidence that was based upon the State's alleged failure to comply with a discovery order. Defendant seeks reversal of his conviction and a new trial.

Defendant was charged with murder after shooting a convenience store clerk during a robbery. The trial court ordered discovery. Defendant alleges the State violated the following portions of the discovery order:

The State shall disclose to the defense the following material and information within its possession or control on or before the 6th day of January, 1984.

a. The names and last known addresses of persons whom the State may call as witnesses, together with their relavant [sic] written or recorded statements, memoranda containing substantial verbatim reports of their oral statements and a list of memoranda reporting or summarizing their oral statements.

\* \* \* \* \* \*

d. Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.

e. Any books, papers, documents, photographs or tangible objects which the prosecuting attorney intends to use in the hearing or trial or which were obtained from or belong to the accused.

f. Any record of prior criminal convictions which may be used for impeachment of the persons whom the State intends to call as witnesses at the hearing or trial.

\* \* \* \* \* \*

The State may perform these obligations in any manner mutually agreeable to itself and defense counsel or by notifying defense counsel that material and information, described in general terms, may be inspected, obtained, tested, copied, or photographed, at specified reasonable times and places.

Defendant claims that he did not receive a complete list of witnesses, their addresses and summaries of their statements until the beginning at trial. He complains that he did not receive a copy of the autopsy report until one week prior to trial and also argues that he was unable to examine various physical evidence, including photographs and defendant's clothing, until trial. A trial judge has the responsibility to direct the trial in a manner which facilitates the ascertainment of truth, insures fairness, and obtains economy of time and effort commensurate with the rights of both society and the criminal defendant. *Allen v. State* (1982), Ind., 439 N.E.2d 615, 618; *State ex rel. Keller v. Criminal Court of Marion County* (1974), 262 Ind. 420, 317 N.E.2d 433; *Reid v. State* (1978), 267 Ind. 555, 565, 372 N.E.2d 1149; *Bernard v. State* (1967), 248 Ind. 688, 230 N.E.2d 536. Where there has been a failure to comply with discovery procedures, the trial judge is usually in the best position to determine the dictates of fundamental fairness and whether any resulting harm can be eliminated or satisfactorily alleviated. *Reid, supra.* Where remedial measures are warranted, a continuance is usually the proper remedy, but exclusion of evidence may be appropriate where the discovery non-compliance has been flagrant and deliberate, or so misleading or in such bad faith as to impair the right of fair trial. *Wagner v. State* (1985), Ind., 474 N.E.2d 476; *Crenshaw v. State* (1982), Ind., 439 N.E.2d 620. The trial court must be given wide discretionary latitude in discovery matters since it has the duty to promote the discovery of truth and to guide and control the proceedings, and will be granted deference in assessing what constitutes substantial compliance with discovery orders. *Allen, supra; Harris v. State* (1981), Ind., 425 N.E.2d 112. Absent clear error and resulting prejudice, the trial court's determinations as to violations and sanctions should not be overturned. *Wagner, supra; Murray v. State* (1982), Ind., 442 N.E.2d 1012.

On May 14, 1984, after voir dire, defense counsel challenged the prosecution's compliance with the discovery order and requested exclusion of any evidence that had not been disclosed. The trial court did not exclude the evidence. During the hearing on the motion to exclude evidence, defense counsel made repeated broad allegations of non-compliance, but failed to specifically identify which materials were missing or how defendant was prejudiced. There was no showing of either flagrant or deliberate non-compliance by the State. Defense counsel did not seek a continuance.

 Defendant argues that a witness list, summarized and collated, was required by the order. He concedes that the State provided the basic information specified, but in a "very voluminous" form. At trial, when objecting to various witnesses' testimony, defense counsel did not explain to the trial court how the defense would be prejudiced, but simply alleged inadequate opportunity for preparation. Defendant has failed to demonstrate either clear error or resulting prejudice.

 Defendant repeatedly emphasizes that he did not receive the autopsy report until a few days prior to trial. The prosecutor's office received the autopsy report on January 20, 1984, after the compliance date in the discovery order. The report was inadvertently omitted from materials disclosed to defendant, and when the omission was discovered, it was remedied. Defendant speculates that if he had received the report earlier, he could have explored the effect on the victim's behavior of morphine found in the victim's body. Beyond mere speculation that he could have pursued the victim's potential drug use and resulting behavior more thoroughly, defendant has not specified any prejudice resulting from his inability to do so. During argument about the admissibility of autopsy photographs, he conceded that he was not challenging the cause of death. Furthermore, defendant does not suggest that the victim provoked his actions. As to the autopsy report, defendant has not shown clear error or resulting prejudice.

 Finally, Defendant contends he was not provided with several items of physical evidence including clothes that he wore while committing the murder, and photographs of the scene and the autopsy. After defense counsel examined a video-taped statement by a prosecution witness on April 10, 1984, he requested to examine other items of physical evidence including those challenged. Because the officer in charge of the evidence was at a trial and because he did not want to damage the chain of custody, the deputy prosecutor asked defense counsel to call and make another appointment to view the evidence. Defense counsel did not request another appointment, although he subsequently spoke with the deputy prosecutor concerning plea negotiations. Defense counsel did examine the exhibits before they were introduced into evidence.

The discovery order specifically authorized the State to satisfy its obligations by making evidence available for defense counsel's inspection at reasonable times and places. Defendant, particularly at trial, is simply claiming the State had an obligation to repeatedly contact him and to offer or deliver the items for his inspection. The clear language of the discovery order does not support this argument.

At most, defendant has shown non-substantial and inadvertent non-compliance with the discovery order. He has not shown clear error or prejudice to his defense. The trial court did not abuse its discretion by refusing to exclude evidence.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.