Charles KUCHEL, Appellant,

v.

STATE of Indiana, Appellee.

No. 485S148.

Supreme Court of Indiana.

Dec. 15, 1986.

James E. Easterday, Sowinski, Easterday & Ummel, Plymouth, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in the conviction of appellant of Confinement, a Class D felony, for which he received four (4) years imprisonment. He was also convicted of Criminal Deviate Conduct, a Class B felony, for which he was given an enhanced sentence of fifty (50) years by reason of the fact he was adjudged to be an habitual offender.

The facts are: The victim met appellant at a friend's mobile home. From there several persons, including the victim and appellant, went shopping for an automobile for the victim, after which they purchased liquor and returned to the victim's mobile home in Plymouth. After staying there for an hour or so, they went to another mobile home to "party". This type of activity continued at various locations with appellant becoming more threatening to the victim as the evening progressed. At one point, appellant pointed an unloaded gun at the victim and said "you're gonna to do what I want you to, aren't you?". He ordered her to show her breasts to a fourteen-year-old boy who was present at a party. When she refused, he threatened to cut off her shirt and bra.

Eventually, under direct threat from appellant, they returned to the victim's mobile home where appellant ordered her to fix breakfast for him. Appellant grabbed the victim and attempted to force her to get into the bed with him. When she refused, he forced her to perform oral sex upon him, after which he performed oral sex on the victim. When the victim told him he should leave because her husband was coming over with her child, he threatened to fight with her husband with a knife he had in his automobile. He also threatened to kill the victim and told her that if she went to the police he had friends who would retaliate against her family.

■ Appellant claims the trial court erred in permitting testimony concerning other alleged crimes and sexual acts that had not been charged in the instant case. It is appellant's position that since he admitted the sexual acts with the victim the only issue in the case is whether the actions were between two consenting adults or by force.

Appellant cites *Brown v. State* (1984), Ind., 459 N.E.2d 376, for the proposition that where consent is the only issue in a charge of rape, evidence of other alleged rapes is not relevant to any issue before the jury. He also cites *Malone v. State* (1982), Ind., 441 N.E.2d 1339, for the same proposition. However, in *Kerlin v. State* (1970), 255 Ind. 420, 424, 265 N.E.2d 22, 25, this Court stated:

"We have repeatedly held that general evidence of prior offenses by the accused is inadmissible if it is irrelevant or produced merely to show the defendant's general character is bad or that he has a tendency to commit certain types of crimes. *Meeks v. State* (1968), 249 Ind. 659, 234 N.E.2d 629, 13 Ind.Dec. 268. There are recognized exceptions, however, to this general proposition of law. The decision in the *Meeks* case was in keeping with the general proposition of law as set out in the case of *Lovely v. U.S.* (1948, Cir.Ct. of Appeals, 4th Cir.), 169 F.2d 386, which is quoted therein. However, the *Lovely* case specifically points out that evidence of former similar offenses is admissible in sex crimes involving a 'depraved sexual instinct' whereas it is not *per se* admissible in a rape case, and in so holding stated:

'... The reason for the difference in the rule applicable is obvious. Other attempts to ravish have a tendency to show that an assault under investigation was made with like intent. Acts showing a perverted sexual instinct are circumstances which with other circumstances may have a tendency to connect an accused with a crime of that character. The fact that one woman was raped, however, has no tendency to prove that another woman did not consent.'

This Court reaffirmed this proposition of law in *Woods v. State* (1968), 250 Ind. 132, 235 N.E.2d 479, 13 Ind.Dec. 610."

Appellant argues that since deviate conduct is only a crime if performed against a non-consenting person we should now hold that the same rule prevails in deviate sexual conduct cases as prevails in rape cases concerning the admissibility of prior unconnected offenses. We continue to adhere to the rule followed in *Kerlin* and the cases cited therein.

The trial court did not err in allowing the evidence of prior deviate conduct by appellant.

■ Appellant claims the trial court erred in admitting State's Exhibit No. 1, a knife. Appellant claims the knife was not used in his attack against the victim and that it in fact was in his automobile at all times and recovered there by the police. Although the victim testified that she never saw the weapon, there is no question but what the presence of the knife in appellant's automobile supported the testimony of the victim that appellant threatened her and her family. When the victim stated that her husband would be coming shortly, appellant had indicated his willingness to fight her husband with the knife he had in his automobile. We hold the knife was relevant to these issues and therefore ad-

**1034** ■■■■■■■■■■■■■■■■■■■■

missible at the discretion of the trial judge. *State v. Hall* (1982), Ind., 432 N.E.2d 679.

■ Appellant claims the trial court erred in refusing his Tendered Final Instruction No. 7, which reads as follows:

> "There has been evidence introduced that the defendant, Charles Kuchel, committed the acts upon [P.K. and R.F.]. The evidence should not be considered as evidence that he committed the charges contained therein."

This evidence refers to the testimony concerning prior deviate acts of appellant.

It is appellant's position that if he assumes for the sake of argument that such evidence was in fact admissible, his instruction should have been given. As submitted, the instruction is incomplete because although it tells the jury why it cannot consider the evidence, it does not instruct the jury as to the purpose of the evidence. Appellant cites the case of *Daniels v. State* (1980), 274 Ind. 29, 408 N.E.2d 1244, to support his contention. However, an examination of the instruction tendered in that case clearly shows that the instruction told the jury how such evidence should be considered. As submitted, appellant's instruction was incomplete and would have been confusing to the jury. Therefore the trial court did not err in refusing to give it.

The trial court is affirmed.

PIVARNIK, J., concurs.

DeBRULER and DICKSON, JJ., concur in result.

SHEPARD, J., dissents.