**Samuel HATCHER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 43A03–8611–CR–333.**

Court of Appeals of Indiana, Third District.

July 13, 1987.

Paul D. Refior, Warsaw, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Samuel Hatcher appeals from a jury verdict finding him guilty of child molesting, a Class D felony. Hatcher presents six issues for review:

(1) whether the evidence presented was sufficient to support the conviction;

(2) whether the trial court erred by denying Hatcher's motion for a continuance;

(3) whether the trial court erred in denying Hatcher's motion in limine concerning uncharged acts of sexual misconduct;

(4) whether the trial court erred and manifested partiality toward the State by virtue of certain comments made during the course of the trial;

(5) whether the trial court erred by giving Hatcher an excessive sentence; and

(6) whether the trial court erred by allowing a rebuttal witness who was not on the State's pre-trial witness list to testify at trial.

The State presented evidence at trial in the form of testimony from M.H. that her stepfather, Samuel Hatcher, had

fondled and molested her several times. M.H. testified that the most recent incident occurred on the night of April 20, 1985, when she awoke to find Samuel Hatcher fondling her vagina and breasts. Hatcher asks this Court to review M.H.'s testimony and declare it to be lacking in credibility. It is beyond the province of this Court to judge the credibility of witnesses, *Snell v. State* (1984), Ind.App., 472 N.E.2d 215, 217, and M.H.'s testimony was adequately supported by evidence of Samuel Hatcher's illicit touchings of at least two other young girls living in his home. The evidence was thus sufficient to support the verdict of guilty.

■ Hatcher's second allegation of error states that the trial court abused its discretion in denying his attorney's motion for a continuance. Hatcher alleges that the first motion for continuance filed by his counsel eighteen days before trial or the second motion for continuance filed five days before trial should have been granted. In support of this allegation, Hatcher points only to handwritten papers filed to the court and an alleged general inability to conduct proper investigation into the background of State's witnesses as evidence of the prejudice flowing from these denials of continuances. Hatcher has not adequately met his burden of showing how he was prejudiced by the trial court's denial of his motions for continuance, as neither the brief of appellant or the record of proceedings reveals specific harm flowing from the trial court's decisions. This Court will not disturb a trial court's denial of a motion for continuance absent a showing of clear and prejudicial abuse of discretion, *Hinds v. McNair* (1980), Ind.App., 413 N.E.2d 586, 609, and no such abuse of discretion has been shown by Hatcher here.

■ Hatcher's third allegation of error states that the trial court erroneously denied his motion in limine which sought to prevent evidence of his past sexual conduct with the victim and other witnesses from being presented at trial. This allegation does not state an appealable issue: the grant or denial of a motion in limine is never error by the trial court, as any possible error only occurs when challenged evidence is improperly admitted over an objection made at trial. *Kahn v. State* (1986), Ind.App., 493 N.E.2d 790, 796. Since an objection to this past sexual conduct evidence was made at trial, it is instructive to note that even an allegation of error based on the denial of that objection would not be supportable. Hatcher acknowledges that it is well-settled law in this state that such evidence is admissible, *Kuchel v. State* (1986), Ind., 501 N.E.2d 1032, 1033, but invites this Court to overrule this "depraved sexual instinct" exception to the rule that prior offenses of the accused are inadmissible. Hatcher's invitation is declined.

■ Hatcher's fourth allegation of error is that the conduct and statements of the trial court manifested partiality toward the State and hostility toward Hatcher. This argument by Hatcher focuses on several comments during the course of the trial by the court regarding limitation of the scope of the examination of witnesses in the interests of relevancy and time considerations. While Hatcher correctly states that it is the duty of the trial court to remain impartial and refrain from making unnecessary remarks, *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 489, a review of the record of proceedings here shows no breach of that duty by this trial court. The trial court's comments focused on the twin considerations of allowing both parties adequate examination of witnesses and conducting that examination in as expeditious a manner as possible. The trial judge has the responsibility to direct the trial in a manner which facilitates ascertainment of truth, insures fairness, and obtains economy of time and effort commensurate with the rights of both society and the criminal defendant. *Armstrong v. State* (1986), Ind., 499 N.E.2d 189, 191.

■ Hatcher's fifth allegation of error was that his four-year sentence, the maximum sentence for a conviction of a Class D felony, was excessive. Although it is clear that a trial court has the discretion to increase a sentence if it finds that aggravating circumstances outweigh mitigating cir-

cumstances, *Shanholt v. State* (1983), Ind. App., 448 N.E.2d 308, 320, the State has chosen to argue on appeal that Hatcher has waived consideration of any allegation of error because the sentencing hearing transcript was not included in the record of proceedings filed with this Court. In keeping with the Court of Appeals' policy that prefers the deciding of cases on their merits rather than waiving allegations of error, *see Baker v. State* (1987), Ind.App., 505 N.E.2d 498, 500, this Court obtained the sentencing transcript through the invocation of Ind. Rules of Procedure, Appellate Rule 7.2(B):

"(B) *Portion of the Record Sent to Court on Appeal.*

The appellant shall designate only those parts of the record to be transmitted to the court on appeal, in which event the other parts shall be retained in the trial court *unless thereafter the court on appeal shall order, or any party shall request, the transmission of some or all the other parts of the record. Parts which are not transmitted to the court on appeal shall nevertheless be a part of the record on appeal for all purposes . . . .*" (Emphasis added.)

A review of the sentencing transcript shows that the trial court determined that Hatcher's lack of remorse and the fact that a short-term imprisonment would depreciate the seriousness of the crime were aggravating factors that persuaded the trial court to give Hatcher the maximum possible sentence. Since this Court will not adjust a sentence which is authorized by statute and is not manifestly unreasonable under the circumstances, *Shanholt, supra,* at 321, no error is found in Hatcher's four-year sentence.

Hatcher's final allegation of error states that the trial court erred in allowing Jill Brettin to testify in rebuttal as an expert witness. Hatcher argues that Jill Brettin should not have been allowed to testify because she had not been disclosed as a possible State's witness during discovery. This argument is without merit: a trial judge may permit a rebuttal witness to testify even though the witness's name does not appear on the witness list, because

the very nature of such a witness makes it impossible to anticipate her being called. *Tanner v. State* (1984), Ind., 471 N.E.2d 665, 667. Hatcher also argues that Jill Brettin should not have been allowed to testify as an expert. The determination of whether a witness is qualified to give expert testimony generally is left to the sound discretion of the trial court, and is reversible only for abuse thereof. *Brackens v. State* (1985), Ind., 480 N.E.2d 536, 542. Hatcher has offered this Court absolutely no reason why the trial court has abused its discretion in allowing Jill Brettin, a family therapist, to testify regarding the effects of sexual abuse on the victims of that abuse. Accordingly, no error is found in allowing her to testify as an expert.

The judgment of the trial court is affirmed.

Affirmed.

GARRARD, P.J., and BUCHANAN, J., concur.