**Courtney O. ARMSTEAD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 82S00–8805–CR–470.**

Supreme Court of Indiana.

May 31, 1989.

David W. Lamont, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Receiving Stolen Auto Parts, a Class D felony. He was sentenced to four (4) years and found to be an habitual offender, for which he was sentenced to thirty (30) years, said sentences to run consecutively. We note *sua sponte* that this cause must be remanded to the trial court for a resentencing wherein the term for the substantive offense is enhanced due to the habitual offender status, resulting in a single enhanced sentence.

The facts are: Approximately 9:00 p.m. on the evening of August 8, 1987, 15–year–old Allen Roach was riding his father's red 1987 Honda Spree moped to the Eastland Mall in Evansville, Indiana when he was stopped by a person acknowledged at trial to be appellant, wearing a Chi Chi's restaurant uniform. He asked Roach for a ride, claiming he needed to get to a hospital because his wife was having a baby. When Roach replied he needed to get home, the man said, "Well, what if I just take it?" and Roach told him, "Well, get on."

After riding around awhile, they wound up downtown and stopped in front of a house in the 800 block of Lincoln Avenue. Roach was by this time a passenger on the moped. A second man, later identified as appellant's brother, Doyle, approached them. Doyle and appellant asked Roach to use his moped. Before responding, he stood up to stretch his legs; at that time, Doyle got on the moped and he and appellant rode away, saying they would return in a couple of minutes. When after half an hour they had not returned, Roach telephoned his parents and obtained a ride home. On September 22, 1987, Evansville Police Officer Gary Anderson was on patrol when he noticed appellant, whom he recognized from prior contacts, riding the red moped in traffic without a helmet or license plate and gave chase. Appellant abandoned the moped in a driveway and escaped on foot. Police recovered the moped and identified it by its vehicle identification number as the one taken from Roach.

Appellant contends the trial court erred in bringing him to trial on the instant charge without first bringing him to trial on unrelated charges of criminal deviate conduct and attempted rape filed previously in the same court under Cause No. 87–CR–391. Twelve days prior to trial in the instant case, appellant filed a motion for speedy trial in Cause No. 87–CR–391, whereas no such motion was filed in the case at bar. He argues he was denied "the opportunity to be found not guilty and [to remove] the knowledge of said charges from the Court prior to his sentence in this case."

 Appellant, however, waives any error here by his failure to cite us to the record or to make cogent argument supported by authority. Ind.R.App.P. 8.3(A)(7); *Reed v. State* (1985), Ind., 479 N.E.2d 1248. Moreover, appellant has demonstrated no prejudice resulting from the existence of charges pending in Cause No. 87–CR–391 at the time of sentencing in the instant case. In fact, the transcript indicates that Cause No. 87–CR–391 had been dismissed by the time of sentencing. Absent a showing of prejudice, no reversible error is shown. *Shaw v. State* (1986), Ind., 489 N.E.2d 952. The trial court did not err in trying the instant case prior to Cause No. 87–CR–391.

Appellant contends the trial court erred in denying his motion to dismiss based on the State's untimely compliance with the discovery orders. On October 22, 1987, appellant filed his motion to produce all documents to be used in the habitual offender phase. The State failed to respond by deadlines set successively at October 28, November 4, and November 6, 1987. On November 9, 1987, the court held a hearing on the motion to dismiss, at which time appellant received a copy of the State's response to his motion to produce. The court denied the motion to dismiss on the first day of trial, November 11, 1987.

 The trial court is usually in the best position to determine what remedial measures are appropriate where there has been a failure to comply with discovery procedures. *Armstrong v. State* (1986), Ind., 499 N.E.2d 189. A continuance is usually appropriate, but exclusion of evidence may be warranted where non-compliance is deliberate or so misleading as to impair the right to a fair trial. *Id.* Absent clear error and resulting prejudice, the trial court's determination will not be overturned. *Id.*

 Here, however, appellant requested neither a continuance nor exclusion of the material in question. He further fails to specify how the State's late compliance ren-

dered him unable to defend against the allegations of prior convictions. Absent a showing of prejudice, no error is established. *Id.*; *Shaw, supra.* Denial of appellant's motion to dismiss was not error.

Appellant contends the trial court erred in refusing to give the jury his Tendered Instruction No. 1, which, in part, would have informed the jury: "[T]he instructions of the Court are not necessarily binding on you. You have the right to independently determine the law to be different from the instruction from the Court."

■ In order for a refusal of a tendered instruction to be error, the instruction must correctly state the law, be supported by the evidence, and not be covered by other instructions given. *Smith v. State* (1987), Ind., 506 N.E.2d 31. Here, appellant's Instruction No. 1 was not a correct statement of the law. Although art. 1, § 19 of the Indiana Constitution grants the jury the right to determine the law and the facts in criminal cases, it is not within the province of the jury "to make, repeal, disregard, or ignore the law as it exists. The instructions of the court are the best sources as to the law applicable to [the] case." *Johnson v. State* (1988), Ind., 518 N.E.2d 1073, 1076.

Appellant's Instruction No. 1 was properly refused by the trial court.

Appellant contends the trial court erred in overruling his objections to the Court's Final Instructions (Habitual) Nos. 1 and 16. He argues these instructions incorrectly state the law. Final Instruction No. 1 reads as follows:

"In deciding this case you must determine the facts from a consideration of all the evidence in light of the law as contained in these Instructions. All of the law in the case is not embodied in any single Instruction. Therefore, you must consider these Instructions as a whole and construe them in harmony with each other."

■ Appellant argues this instruction "incorrectly limits the basis for the jury to determine the facts and is not an accurate statement of the law in Indiana." However, he cites no authority to the effect that the jury should consider something other than the evidence; and his suggestion that the jury should look to sources of law outside the instructions is erroneous. *Id.*

Final Instruction No. 16 reads as follows:

"These Instructions do not contain any information concerning the penalties that could be imposed upon a determination that the Defendant is an Habitual Offender. The Judge is solely responsible for assessing the penalty. The law has been so written that you may make your decision without being influenced by the apparent severity or leniency of the sentence."

■ Appellant argues the language "penalties that *could* be imposed" is inaccurate regarding an habitual offender allegation because the sentence enhancement is mandatory. However, whether such enhancement is mandatory is irrelevant. The substance of Instruction 16 is to explain to the jury why they are to receive no information regarding penalties. To inform them, as appellant suggests, that such penalties "*must* be imposed" would defeat the very purpose of the instruction.

The trial court's Final Instructions (Habitual) Nos. 1 and 16 state the law correctly and thus were properly given to the jury.

Appellant contends the trial court erred in providing over his objection a complete set of jury instructions for use during their deliberations. He cites Ind.Code § 34-1-21-6 for the proposition that the correct procedure in response to a jury request for instructions is to reread them in open court. He maintains the jury here was improperly allowed to focus their deliberations upon those instructions concerning the crimes of conversion and receiving stolen auto parts and improperly ignored the others. He argues sending the instructions to the jury without the consent of both parties is error, citing *Smith v. McMillen* (1862), 19 Ind. 391.

The *Smith* opinion, however, expressed apprehension that while jurors were equally able to hear instructions read aloud by the trial court, those more adept at reading might mislead other, less literate jurors if

instructions were sent to the jury room. This reasoning has since evolved into a fear of undue emphasis or misconstruction due to extraneous markings on the instructions, indicating, *e.g.*, which party tendered the instruction or in what manner it was modified. *Cornett v. State* (1982), Ind., 436 N.E.2d 765.

In the case at bar, the trial court had the jury called back in and gave them the option of having all the final instructions reread aloud or a written copy to use in deliberations. They expressed a desire for definitions of the offenses involved and chose the written copy of all the instructions, which was a "clean" copy expunged by the court of all extraneous matter. We thus find the problems encountered in *Smith, supra* and in *Cornett, supra* were avoided by the trial court. We have, indeed, held such a procedure not to be error. *Wood v. State* (1987), Ind., 512 N.E.2d 1094; *Denton v. State* (1986), Ind., 496 N.E.2d 576. We likewise find no error here in providing the jury, at their option, with a clean copy of all the final instructions in lieu of rereading them in open court.

Appellant contends the evidence was insufficient to support his conviction of receiving stolen auto parts. He argues that "a charge of receiving a motor vehicle that has been the subject of a theft is not sustained by proof that the Defendant himself stole the motor vehicle from its owner," citing *Coates v. State* (1967), 249 Ind. 357, 229 N.E.2d 640. He also maintains it is legally impossible to be convicted of receiving stolen property if the property is not stolen, citing *King v. State* (1984), Ind. App., 469 N.E.2d 1201.

On review, if there exists substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. In the case at bar, proof was adduced at trial from which the jury could logically infer that while the moped was stolen, it was not stolen by appellant or by him alone. The apparent reasons for the filing of the receiving charge were that while police officers positively identified appellant in pos-

session of the moped at the time it was abandoned, the victim was unable to identify appellant, his brother, or anyone else as the person who took the moped from him. Only appellant's own admissions at trial, along with his brother's, identify him as the person who deprived the victim of possession of the moped. The jury thus could have deduced the moped was stolen by appellant's brother or by some other person.

Such an inference, combined with proof that appellant himself was in possession of the moped shortly before it was abandoned, is sufficient to support his conviction of receiving stolen auto parts.

Appellant contends the trial court erred in admitting over his objection State's Exhibits Nos. 1 and 5 at the habitual offender phase and thus the evidence was insufficient to find him an habitual offender. He argues the exhibits, which were copies of charging informations and order book entries of two prior unrelated felony convictions, were not properly certified by their custodian as required by Ind.R.Tr.P. 44(A)(1) covering the admission of official records. He also maintains the order book entries were actually court minute entries, not order book entries maintained by the court clerk in accordance with Ind.R.Tr.P. 77(E).

The record reveals, however, that each exhibit is in fact notarized, certified by the Clerk of the Vanderburgh Superior Court, and signed by the deputy clerk. Such certification complies with Rule 44(A)(1). *Moore v. State* (1987), Ind., 515 N.E.2d 1099. Exhibits 4 and 5 are order book entries properly certified as to order book and page number, and as such are properly authenticated and admissible as official records.

The admission of State's Exhibits Nos. 1 through 5 was not error. The evidence accordingly was sufficient to support appellant's habitual offender finding.

Appellant contends his thirty-four (34) year sentence for receiving stolen auto parts is manifestly unreasonable and grossly disproportionate to the offense. He ar-

gues that because the instant conviction was for a Class D felony, he was eligible under Ind.Code § 35–50–2–8(e) for up to a twenty (20) year reduction in his habitual offender enhancement, and the trial court abused its discretion in meting out a full thirty (30) year enhancement on top of a fully-aggravated four (4) year sentence for a Class D felony. In support of his contention, he notes he has "successfully avoided substantial incarceration on his prior felony convictions."

On review, we will not revise a sentence unless it is manifestly unreasonable such that no reasonable person could find it appropriate to the offender and his offense. Ind.R.App.Rev.Sen. 2. Here, appellant's record of offenses begins at age thirteen and includes battery, assault and battery, sodomy, battery with intent to rape, theft, strong-arm robbery, intimidation, trespass and alcohol offenses. In light of the nature of the two prior felonies —Class B attempted burglary and Class C battery—as well as appellant's extensive history of delinquency and unsuccessful attempts at rehabilitation, his achievement of habitual offender status by age 21, and the fact the instant offense was committed while appellant was on probation, the trial judge had ample justification for imposing the presumptive thirty (30) year enhancement onto the aggravated four (4) year Class D felony sentence.

This cause is remanded for proper enhancement of the Class D felony sentence by reason of appellant's habitual offender status. In all other things the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.