**Vell Chaser CHAPMAN Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03–9411–CR–414.**

Court of Appeals of Indiana.

May 31, 1995.

1. Ind.Code 35–43–4–2.5 (1993).

Scott L. King, King & Meyer, P.C., Gary, for appellant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

**OPINION**

STATON, Judge.

A jury found Vell Chaser Chapman ("Chapman") guilty of auto theft, a class D felony [1], for which he was sentenced to thirty months in prison. In his appeal, Chapman presents one restated issue for our review: whether there was sufficient evidence to support the judgment.

We affirm.

The facts most favorable to the State reveal that Chapman and a companion removed a moped from a garage of a residence owned by William Fultz ("Fultz") and placed it in the back of a truck operated by Chapman. After discovering that the moped was missing, Fultz, his son, and a neighbor chased down the truck. Fultz retrieved the moped from the back of the truck and his son wrote down the truck license plate number. Fultz then notified the police of the theft and Chapman was subsequently arrested.

On appeal, Chapman contends that there was insufficient evidence to support his con-

viction for auto theft. Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

Chapman raises a novel issue before this court: whether a moped may be considered a motor vehicle under the auto theft statute, I.C. 35–43–4–2.5 ("Auto Theft Statute").

We note initially that our supreme court has upheld a conviction for receiving stolen auto parts under the Auto Theft Statute for a defendant's unauthorized control over a moped. *See Armstead v. State* (1989), Ind., 538 N.E.2d 943. However, in *Armstead,* the court did not specifically address the issue of whether a moped was a motor vehicle under the Auto Theft Statute.

The Auto Theft Statute states in pertinent part:

(a) As used in this section, 'motor vehicle' has the meaning set forth in I.C. 9–13–2–105(a).

(b) A person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with the intent to deprive the owner of:

(1) the vehicle's value or use; or

(2) a component part (as defined in I.C. 9–13–2–34) of the vehicle;

commits auto theft, a Class D felony.

I.C. 9–13–2–105(a) provides that a motor vehicle means, except as otherwise provided in this section, a vehicle that is self-propelled. The term does not include a farm tractor or implement of husbandry. *Id.*

Chapman contends that a moped is a motorized bicycle not a motor vehicle and that his conviction cannot stand because the State failed to prove that the moped was self-propelled as required by the statute. Chapman argues that a motorized bicycle and a motor scooter are expressly excluded in § b of I.C. 9–13–2–105 and thus, his conviction for theft of a moped, an instrument comparable to a motor scooter or motorized bicycle, cannot *stand.*[2] *We disagree.*

Chapman's blanket statement that I.C. 9–13–2–105(b) excludes motorized bicycles in its definition of a motor vehicle is in error. I.C. 9–13–2–105(b) specifically excludes motorized bicycles only for the purposes of I.C. 9–21, the motor vehicles chapter which deals with traffic regulations.

A moped is defined as a lightweight low powered motorbike that can be pedaled. Webster's Ninth New Collegiate Dictionary 771 (1985). A motorbike is usually a lightweight motorcycle. *Id.* at 775. Thus, the distinguishing characteristic of a moped is that the moped is equipped with operable pedals and can be propelled forward without the use of its motor.

This court has considered a moped to be a motorized bicycle and thus, a motorized vehicle, for the purpose of determining whether a minor operator of a moped on a highway is subject to an adult standard of care. *Terre Haute First Nat. Bank v. Stewart* (1983), Ind.App., 455 N.E.2d 362, 367, *trans. denied.* There, the court noted that a motorized bicycle was not included in the statutory definition of a motor vehicle but was still a vehicle.[3] *Id.*

Other jurisdictions have considered a moped to be a motor vehicle under the purview of certain criminal statutes. *See, e.g., People v. Jordan* (1977), Cal.App., 142 Cal. Rptr. 401, 405 (drunk driving); *United States v. Stancil* (1980), D.C.App., 422 A.2d 1285, 1287–1288 (unauthorized use of vehicle); *Coates v. State* (1987), Fla.App., 513 So.2d 757, 758 (grand theft); *State v. Senko* (1983), Me., 457 A.2d 824, 825 (drunk driving); *Matter of C.D.L.* (1981), Minn., 306 N.W.2d 819,

**2.** I.C. 9–13–2–105(b) states:

   \*    \*    \*    \*    \*    \*

'Motor vehicle' for purposes of I.C. 9–21, means:

(1) a vehicle except a motorized bicycle that is self-propelled; or

(2) a vehicle that is propelled by electric power obtained from overhead trolley wires, but not operated upon rails.

**3.** The court relied upon I.C. 9–4–1–2 (now repealed) for its statutory definition of motor vehicle.

820–821 (unauthorized use of vehicle); *State v. Conner* (1984), Mo.App., 670 S.W.2d 518 (felony motor vehicle theft); and *State v. Lyons* (1977), 152 N.J.Super. 533, 378 A.2d 83, 87, *aff'd,* (1978), N.J.App., 159 N.J.Super. 100, 386 A.2d. 1378 (drunk driving).

The court explained in *Stancil, supra,* that mopeds, which are generally smaller and of lighter construction than most other motorcycles, do not ordinarily travel at speeds over 40 miles per hour, and have a lower rate of fuel consumption, are merely a subspecies of that category of motor vehicles known as motorcycles. *Stancil, supra,* at 1287.

We agree with this description and determine that because a moped is motorized and self-propelled, it can be construed as a motor vehicle under I.C. 9–13–2–105(a). Thus, the theft of a moped is actionable under the Auto Theft Statute.

Our review of the record leads us also to conclude that there was overwhelming evidence presented by the State which supports Chapman's conviction for theft of the moped. We therefore reject Chapman's claim that the State failed to present sufficient evidence to support his conviction under the Auto Theft Statute.

Affirmed.

GARRARD and FRIEDLANDER, JJ., concur.