**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN PINNOW**
State Public Defender
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 21 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRINA STOVER THORSTENSON, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 42A01-1106-CR-287 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE KNOX SUPERIOR COURT
The Honorable W. Timothy Crowley, Judge
Cause No. 42D01-0306-FC-118
42D01-0306-FC123
42D01-0311-FC-208

**February 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Trina Stover Thorstenson appeals the trial court's partial denial of her motion for credit time following revocation of her probation. The sole issue on appeal is whether the trial court erroneously allotted to Thorstenson insufficient good time credit. Concluding the trial court did not err, we affirm.

## Facts and Procedural History

In 2003, Thorstenson was charged with numerous offenses under three different cause numbers.[1] In June 2006, she pleaded guilty to one count of forgery as a Class C felony under each of the three cause numbers and the State dismissed the remaining charges. As to each of the three cause numbers, 42D01-0306-FC-118 ("Cause 118"), 42D01-0306-FC-123 ("Cause 123"), and 42D01-0311-FC-208 ("Cause 208"), the trial court entered a judgment of conviction and sentenced her to four years, all suspended to probation. As to each sentence, the first two years were to be served on home detention through community corrections as a condition of probation; the second two years were to be formal probation. The trial court ordered she serve her sentence for Cause 118 concurrent with her sentence for Cause 123, and that she serve these consecutive to her sentence for Cause 208.

At sentencing the trial court granted Thorstenson 127 days credit for time served prior to sentencing as to Cause 118 and Cause 123, and 262 days credit for time served as to Cause 208. Thorstenson then served home detention from June 7, 2006 to August 15, 2007.

---

[1] Thorstenson was also charged with, convicted of, and imprisoned regarding other offenses in the ensuing years, but we need not discuss such offenses and time served.

In May 2009, the State filed a notice of probation violation as to all three cause numbers. At a February 2011 hearing, Thorstenson admitted to the violation and the trial court revoked Thorstenson's probation. The trial court ordered she serve two years as to Cause 118 concurrent with two years as to Cause 123, and consecutive to two years as to Cause 208, all at the Department of Correction. Pursuant to Thorstenson's subsequent motions for jail time credit and motion for reconsideration, the trial court granted 155 days of credit for time served as to Cause 118 and Cause 123 and no credit as to Cause 208. Thorstenson now appeals.

Discussion and Decision

I. Standard of Review

Thorstenson contends the trial court erred in granting her ninety-four too few days of "credit for time served and all applicable good time credit" upon revoking her probation. Brief of Defendant-Appellant at 8. Thorstenson's appellate argument rests on the interpretation and application of Indiana law. Thus, we review the trial court's factual determinations for an abuse of discretion, and legal conclusions de novo. See Strowmatt v. State, 779 N.E.2d 971, 975 (Ind. Ct. App. 2002) (citation omitted).

II. Credit Time

A. Framing the Issue

At the outset it is helpful to clarify that Thorstenson does not dispute: 1) the trial court properly determined prior to sentencing Thorstenson earned 127 days credit for time served as to Cause 118 and Cause 123, and 262 days credit for time served as to Cause 208; and 2) Thorstenson's probation was properly revoked and the trial court properly ordered that she serve two years as to Cause 118 concurrent with two years as to

3

Cause 123, and consecutive to two years as to Cause 208, all at the Department of Correction. Thorstenson does not contend the trial court erred in its arithmetic or that it unintentionally used the wrong dates in its calculations. Thorstenson's sole contention is that the trial court erred in denying her "good time" credit for the period she served on home detention. Good time credit is credit for an offender's "good behavior and educational attainment," usually in addition to credit for time actually served. Purcell v. State, 721 N.E.2d 220, 222 (Ind. 1999) (footnote omitted).

## B. Waiver

The State first argues that Thorstenson waived the issue of good time credit by affirmatively conceding to the sentencing trial court that she was not entitled to such credit. Indeed, in a June 2011 petition for the court to reconsider its calculation of credit time, Thorstenson, proceeding pro se, wrote: "Petitioner understands that the above-mentioned law states that she is entitled only to the days spent on home detention and no good time credit will be awarded." Appendix of Defendant-Appellant at 184 (emphasis in original). This appears to have invited the trial court to make the decision she now contends is erroneous. An invited error waives that issue on appeal. Joyner v. State, 736 N.E.2d 232, 237 (Ind. 2000). However, this Court prefers to decide cases on the merits rather than on purportedly waived allegations of error. Hatcher v. State, 510 N.E.2d 184, 187 (Ind. Ct. App. 1987).

## C. Good Time Credit

In any event, we conclude that Thorstenson is not entitled to good time credit for the period she served on home detention. Thorstenson was charged in 2003 and the trial court sentenced her in 2006 to an aggregate of eight years, all suspended, with the first

4

four to be served on home detention "[a]s a condition of probation." App. of Defendant-Appellant at 96 (regarding Cause 118); id. at 289 (regarding Cause 123); id. at 471 (regarding Cause 208).

The Indiana Code clearly distinguishes between home detention served through direct placement in community corrections and home detention served as a condition of probation. Direct placement in community corrections, which includes home detention among other programs, is governed by Indiana Code chapter 35-38-2.6. See Brown v. State, 957 N.E.2d 666, 671 (Ind. Ct. App. 2011) (stating that credit time for home detention, under section 35-38-2.6-6, applies only to those who serve home detention as a result of direct placement in a community corrections program).

Home detention as a condition of probation is governed by a different chapter of the Indiana Code – chapter 35-38-2.5. A person confined on home detention under this chapter receives credit on the basis of actual days served. Ind. Code § 35-38-2.5-5(d), (e).

Effective July 1, 2010, Indiana Code section 35-38-2.6-6 states that a person who is placed in a community corrections program under "this chapter," which relates to direct placement, is entitled to earn good time credit time under chapter 35-50-6. See Purcell, 721 N.E.2d at 223 (describing chapter 35-50-6). But chapter 35-38-2.5, relating to home detention served as a condition of probation, does not similarly allow for good time credit. Wharff v. State, 691 N.E.2d 205, 206 (Ind. Ct. App. 1998), trans. denied.

Thus, based on the chapter under which the trial court sentenced Thorstenson to home detention – chapter 35-38-2.5, as a condition of probation – we conclude that

5

Thorstenson is not eligible to receive good time credit for the time she served on home detention.

But Thorstenson also contends that the 2010 amendment to Indiana Code section 35-38-2.6-6, which revised the Indiana Code to remove a restriction and allow good time credit for offenders who served home detention in direct placement, applies to her. We disagree, even while forgiving for a moment our explanation of the clear distinction between home detention served through direct placement in community corrections and home detention served as a condition of probation.

Even if Indiana Code section 35-38-2.6-6 applied to home detention as a condition of probation – which it does not – the 2010 amendment to that statute would not apply retroactively to Thorstenson. "The general rule of statutory construction is that unless there are strong and compelling reasons, statutes will not be applied retroactively." State v. Pelley, 828 N.E.2d 915, 919 (Ind. 2005). "Statutes are to be given prospective effect only, unless the legislature unequivocally and unambiguously intended retrospective effect as well." Id. The exceptions are "remedial statutes," which are "intended to cure a defect or mischief that existed in a prior statute." Id. "Remedial statutes will be applied retroactively to carry out their legislative purpose unless to do so violates a vested or constitutional guaranty." Id. In short, retroactive application of a statutory amendment is appropriate when: "(1) the new statute is remedial; (2) a strong and compelling reason exists for applying it retroactively; and (3) retroactive application does not violate a vested right or a constitutional guaranty." Brown v. State, 947 N.E.2d 486, 490 (Ind. Ct. App. 2011), trans. denied.

6

We concluded in <u>Brown</u> that Indiana Code section 35-38-2.6-6 is not a remedial statute, and reiterate that conclusion here. 947 N.E.2d at 491. The 2010 amendment to section 35-38-2.6-6 "reversed course on the underlying policy in the statute . . . . as part of a broader package of amendments concerning community corrections programs . . . ." <u>Id.</u> In particular, it allowed offenders to earn good time credit for time served on home detention through direct placement. <u>Id.</u> This change of policy is not remedial, and further there is no compelling reason to apply it retroactively here.

Conclusion

The trial court correctly calculated Thorstenson's credit time, and we therefore affirm its order.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.