Juan TANNER, Appellant,

v.

STATE of Indiana, Appellee.

No. 184S24.

Supreme Court of Indiana.

Dec. 7, 1984.

Terrance W. Richmond, Wayne County Public Defender, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Murder. He was sentenced to forty (40) years of incarceration.

The facts are: Appellant and the victim, Rodger Rinehardt, were among a group of young people who gathered in the area surrounding an elementary school in Richmond, Indiana. Appellant and the victim began to argue in full view of those who had gathered. They struck one another and Rinehardt shoved appellant to the ground. When appellant arose, he had a shiny object in his hand. Many believed the object was a knife. The victim backed away and began to run away. Appellant gave chase and the two disappeared from the view of the crowd. Within a very few minutes, the victim was found in a nearby alley. He had been stabbed three times. He was taken to a nearby hospital where he died shortly thereafter. A warrant was issued for appellant's arrest. Three days later he surrendered to the police.

One of appellant's cell mates was a Clarence Pettaway, a transient from Alabama, who was in jail on a theft charge. During the days of their incarceration, appellant and Pettaway had conversations. Pettaway testified appellant confessed his role in the death of the victim.

The parties engaged in the customary discovery procedures including an exchange of witness lists. The court conducted a pretrial conference on May 26, 1983. At that time both parties averred that discovery had been completed. During trial the prosecutor's office was contacted by both the jail and Pettaway's attorney in regard to Pettaway's desire to speak to the prosecutor.

Pettaway desired to exchange his information concerning appellant for favorable treatment. An investigator from the prosecutor's office interviewed Pettaway and concluded the testimony of Pettaway was important. The next morning the State informed appellant of its plan to call Pettaway. The court conducted a brief hearing in response to appellant's general objections to the use of a surprise witness. The court ordered the State to fully cooperate with appellant's counsel in order to permit counsel to investigate the nature of the testimony to be given.

The next day appellant had an opportunity to depose Pettaway. On the following Monday, the court conducted a full hearing on appellant's Motion to Suppress the testimony of Pettaway and Motion for a Continuance. The court denied the motions. La-

ter that day Pettaway was called to testify. However, he was not called during the State's case in chief but rather as a rebuttal witness.

Appellant alleges error in the court's denial of the motions. Appellant cites authority supporting the proposition that the usual remedy to a surprise witness is the granting of a continuance. *Rowley v. State,* (1979) 271 Ind. 584, 394 N.E.2d 928. In extreme situations the testimony of the surprise witness may be excluded. *State v. Buza,* (1975) 163 Ind.App. 514, 324 N.E.2d 824. Appellant asserts a greater prejudicial error results when the surprise witness is introduced late in the proceedings. He contends, that in the case at bar, he had already established a theory of the defense which had been presented to the jury and had guided his cross-examination.

■ We find appellant has confused the rules governing the use of a surprise witness in the case in chief with the use of a witness of this type during rebuttal. This Court has held a judge may permit a rebuttal witness to testify even though their name does not appear on the State's witness list as it is impossible to anticipate the calling of such a witness. *Smith v. State,* (1982) Ind., 439 N.E.2d 634; *Tillman v. State,* (1980) 274 Ind. 39, 408 N.E.2d 1250.

■ We find no error in the court's ruling. While it is true appellant was operating under constraints created by the lack of time and the fact the official records related to Pettaway were in Alabama, appellant was offered more notice as to the use of a particular rebuttal witness than is often provided. We do not believe these actions result in appellant being denied a fair trial.

Appellant raises a related issue. He contends the denial of the continuance deprived him of the opportunity to develop a possible agency relationship between the State and Pettaway, citing *United States v. Henry,* (1980) 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115; *Massiah v. United States,* (1964) 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246.

Appellant attempted to demonstrate the existence of the relationship by calling as surrebuttal witnesses several of the other cell mates of appellant and Pettaway. Appellant now contends in the alternative that the agency relationship was shown, or if the continuance had been granted the relationship would have been shown.

■ The record does not reveal that an agency relationship was established by appellant at trial. The record does reveal that a police officer went into the cellblock area after Pettaway and the prosecutor talked in order to find others who could confirm Pettaway's statements. The actions by the police do not demonstrate a prior relationship between the State and Pettaway. Rather, they demonstrate competent police work in an attempt to follow up on the situation.

■ As to appellant's argument that more time may have resulted in the disclosure of a relationship, we believe this is mere conjecture. Appellant offered no additional claim in his Motion to Correct Error nor in this appeal that additional time, in fact, had produced evidence of an agency relationship between the State and Pettaway. We find no error by the trial court on the agency issue.

Appellant next argues the trial court erred when it gave a final instruction on the issue of flight. The instruction reads:

"The flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been commited, [sic] if proved, is not evidence of guilt. It is, however, evidence of consciousness of guilt."

■ The instruction of the jury is within the discretion of the trial court and it is reviewed only for an abuse of discretion. *Brendel v. State,* (1984) Ind., 460 N.E.2d 919. The applicability of giving an instruction on flight must be determined by considering all reasonable inferences which can be drawn from the evidence. *Lane v. State,* (1983) Ind., 445 N.E.2d 965.

■ Appellant agrees the instruction is a correct statement of the law. However, he

maintains there was no evidence to support the giving of the instruction. Rather, he contends, the evidence indicates appellant surrender to the police subsequent to the incident. He claims appellant did not attempt to flee the police on the night of the incident nor at any other time.

The State maintains a reasonable inference of flight may be found in the evidence of appellant's absence from the scene and the inability of the police to locate appellant for two days after the warrant was issued. It was for the jury to weigh this conflicting evidence. The trial court did not abuse its discretion when it gave the instruction on flight.

■ Appellant's next issue concerns the giving of an instruction on confession. The instruction reads:

"You have before you evidence that the Defendant confessed that he commited [sic] the crime charged in the information.

"It is for you to determine whether the Defendant confessed, and, if so, what weight should be given to the confession. In determining the weight to be given to a confession, you should consider all of the circumstances under which it was made."

Appellant maintains this instruction is mandatory in nature and thus the instruction invades the province of the jury.

Additionally, he alleges the instruction calls particular attention to one portion of the evidence and thus was an attempt by the court to indicate its opinion on the credibility of the witnesses. We do not agree. This instruction has been upheld by this court in similar challenges. *See Long v. State*, (1981) Ind., 422 N.E.2d 284; *Jones v. State*, (1977) 266 Ind. 349, 363 N.E.2d 959.

■ Appellant argues there was no evidence presented in the record to support the giving of the confession instruction. A statement was in fact made by the appellant. A tape recording of that statement was played to the jury. The appellant now claims that statement was not a confession, but rather a rendering of his recollections of the event. The instruction does not presume a confession but states it is for the jury to determine whether appellant confessed. The instruction was proper given the nature of the evidence before the jury.

■ Appellant lastly presents alternative arguments. He contends either the evidence does not support a finding appellant actually stabbed the victim, or, if the evidence does support that conclusion, then the same evidence supports a finding appellant acted in sudden heat. The effect of a sudden heat finding would be to reduce the crime to voluntary manslaughter, a Class B felony. Appellant argues the trier of fact may not base its verdict on suspicion, conjecture, or speculation. He contends the opportunity to stab the victim, coupled with the prior dispute, does not support a finding appellant did, in fact, stab the victim. We do not agree.

Appellant is asking this Court to reweigh the evidence and reach a conclusion contrary to that reached by the jury. We believe the testimony of the witnesses at the scene, coupled with that of Pettaway, constitute evidence of sufficient probative value to support the verdict.

Appellant then argues this evidence is sufficient to establish the mitigating factor of sudden heat. We hold the evidence was sufficient for the jury to find the State had met its burden.

The evidence demonstrates the actual stabbing occurred a few minutes after the physical altercation and followed a lengthy chase. Additionally, the testimony of Pettaway reveals a homicide which had no overtones of sudden heat, but rather was calculated to fulfill a perverse sense of thrill. The jury could reasonably have concluded appellant was guilty of murder. We find no error.

The trial court is in all things affirmed.

All Justices concur.