**Sylvester SMITH, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 22S00–8805–CR–451.

Supreme Court of Indiana.

May 9, 1990.

Michael J. McDaniel, McDaniel, Biggs & Ollis, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a finding of guilty of Robbery, a Class B felony, and Theft, a Class D felony. The trial court merged the convictions and sentenced appellant to twenty (20) years on the robbery charge.

The facts are: On July 14, 1987, the Domino's Pizza store located in New Albany, Indiana was robbed at gunpoint. The only employee present at the time was Michael Jones, who had been recently employed. He just had finished a course given by his employer on how to observe and later identify any person attempting to rob the establishment.

Following the robbery, Jones gave police officers a description that the robber was a black male, twenty-three years of age, height six feet two inches, weight 280 pounds, that he had a short afro haircut and a moustache, and that he was wearing dark blue-jean cutoffs and a sweatshirt with the sleeves cut off. He stated that the robber had a black revolver.

Pursuant to this description, the police department prepared a composite drawing of the robber. On July 26, Jones received a telephone call from a boy who identified himself as Donald Sleets. Sleets told Jones that he knew the identity of the robber and had a photograph of him. He inquired if there might be a reward for any information leading to the robber's arrest. Sleets then came to the place of business and showed Jones a photograph which he claimed was the robber. Jones immediately recognized the photograph as one of the persons who had robbed him.

Sleets later gave a statement to the officers that, at approximately 4:00 a.m. on the day of the robbery, appellant came to his home to use the telephone, and Sleets overheard him call his brother to come to get him because he had just robbed Domino's Pizza. Sleets stated that he previously had taken a picture of appellant and that same picture was the one he showed to Jones at Domino's Pizza.

At trial it was developed that Sleets had been diagnosed as schizophrenic and at times refused to take his medication, would become angry, throw tantrums, and fabricate stories and fantasies about people. There also were variations in his versions as to how he had learned that appellant was the robber.

At trial, appellant presented alibi evidence from members of his family and his girlfriend that at the time of the robbery he was living at home with his mother, that there was no telephone, that he had no drivers license and no automobile, and that on the night of the robbery he was visiting his girlfriend, Shalonda Wright.

Appellant also presented the testimony of Dr. Robert G. Meyer, Ph.D. in psychology, who testified that the stress experienced by a victim in a robbery and the fact the victim was white and the alleged robber was black had the potential to cause errors in identification. He also testified that if a person was shown a photograph

and told it depicted the robber, that such a presentation was extremely suggestive.

In rebuttal, the State called several witnesses to testify that appellant's girlfriend, Shalonda Wright, had told them that appellant had beat her up, that he was living with Wright illegally in her subsidized apartment, and further that Wright had told witnesses that appellant in fact did rob the Domino's Pizza.

The State also presented the testimony of Marvin A. Martin, who testified that on a date which was a day after the robbery he loaned appellant a .32 caliber pistol. This testimony was in rebuttal to the testimony of appellant that he had never borrowed such a pistol.

Appellant claims the court erred in permitting the introduction of the victim's identification testimony. He takes the position that the fact that Sleets brought a single photograph to Jones to view was so suggestive that it tainted the victim's identification at that time thus making his in-court identification unreliable. Appellant concedes that no objection was made to the in-court identification; he urges, however, that the error in permitting the victim's identification of appellant was fundamental error and should be considered as such by this Court on appeal.

■ Appellant is correct in his observation that this Court has condemned single-photograph identification. *See Haun v. State* (1983), Ind., 451 N.E.2d 1072; *Manns v. State* (1973), 260 Ind. 680, 299 N.E.2d 824. However, in cases where an inadequate number of photographs were displayed to a victim, the displays had been arranged by investigating police officers.

In the case at bar, before the victim ever observed the questioned photograph, he had given a detailed description of the robber. From this description, a composite drawing had been made. Two police officers immediately recognized the description and declared the subject to be Sylvester Smith, the appellant in this case.

As pointed out above, the single photograph later displayed to the victim was not displayed by police officers but by a private citizen interested in obtaining a reward. We further would observe that immediately upon viewing the photograph, the victim stated that it definitely was the man who had robbed him. There is ample evidence in this record from which the jury could determine that the victim had ample opportunity to view appellant at the time of the robbery, that his in-court identification was based entirely upon such observation, and that his identification had a basis independent from the photograph shown to him by a private citizen. *See Rondon v. State* (1989), Ind., 534 N.E.2d 719, *cert. denied*, — U.S. —, 110 S.Ct. 418, 107 L.Ed.2d 383; *Manns, supra.* There was no error in permitting Jones's in-court identification of appellant.

Appellant contends the trial court erred in permitting improper rebuttal testimony on collateral matters. This assignment of error refers to the various statements by rebuttal witnesses mentioned above that Shalonda Wright had told others that appellant had beat her and that she knew appellant was the one who robbed Domino's Pizza. There also was evidence that appellant was living illegally with Wright in her subsidized housing. It is obvious that many of the questions to which appellant now objects were extraneous to the issues at bar.

■ However, the record discloses that when Wright testified for the defendant she was questioned on his behalf at great length as to whether appellant ever struck her. She admitted that she had claimed to others that he beat her; she testified, however, that this was untrue—that all he ever did was hold her down when she had a seizure. Thus the issue had been raised by appellant and the State was entitled to challenge the credibility of Wright's testimony by rebuttal witnesses. *See Wells v. State* (1982), Ind., 441 N.E.2d 458.

■ Although appellant raises the question as to the evidence that appellant was living with Wright illegally in her subsidized housing, he addresses no argument on that question in his brief, and although we fail to see the relevancy of such evidence, we cannot see that any error in its

admission would rise to the status of reversible error. The scope of rebuttal evidence is a matter left to the sound discretion of the trial court. Failure to limit its scope is reversible error only for an abuse of that discretion. *Id.* We fail to see any reversible error in the trial court's decision on this matter.

 Appellant claims the trial court erred in permitting improper cross-examination of defense witnesses. The trial court permitted the State to cross-examine Shalonda Wright concerning her filing of a paternity action against appellant to compel him to make child support payments. Here again, there appears to be no relevancy to this line of questioning. However, an examination of the record shows that both the State and the appellant went into some detail as to whether appellant ever legally acknowledged that he had fathered Wright's child and regarding her applications through the Welfare Department concerning support of the child.

Appellant also called Carla Dolan, a welfare caseworker, concerning issues of paternity and child support. Although these matters appear to be wholly collateral to the issues at bar, we cannot say they rise to the stature of reversible error. *Id.*

Appellant claims the trial court erred in permitting the State to present evidence in rebuttal which had not previously been disclosed to the defense. Ethel Lloyd was called by the State in rebuttal and testified that Shalonda Wright had told her appellant committed the robbery. Marvin Martin was called by the State and testified that he loaned appellant a .32 caliber blue-steel pistol one day after the robbery. Appellant takes the position that both of these witnesses should have been disclosed in the initial discovery process.

 However, the State is under no obligation to provide a defendant with a list of its rebuttal witnesses. *Floyd v. State* (1987), Ind., 503 N.E.2d 390. It is obvious the very nature of a trial gives rise to the likelihood that issues will be raised during the primary phase which the State could not logically anticipate. The State is permitted to seek out and call persons to rebut hitherto-unexpected claims. *See Wilson v. State* (1989), Ind., 533 N.E.2d 114.

 In the case at bar, the prosecutor did not learn of Martin until the State had rested its case. The prosecutor took a statement from Martin and provided appellant with a copy. The trial court offered to provide time for appellant to interview the witness before he testified. There is nothing to indicate that the prosecutor attempted to evade the court's discovery order or that there was any attempt to trick or mislead appellant. Therefore the incident does not give rise to reversible error. *Id.*

 As to the testimony of Ethel Lloyd, appellant failed both to object to her testimony and to move to strike it. Thus no issue has been preserved in that regard. *Reynolds v. State* (1980), 274 Ind. 221, 409 N.E.2d 639. We do not perceive that the trial court abused its discretion in permitting the testimony of either witness. *See Wagner v. State* (1985), Ind., 474 N.E.2d 476.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.