Bertha McCULLOUGH,
Appellant–Plaintiff,

v.

ARCHBOLD LADDER CO. and
the Sherwin–Williams Co.,
Appellees–Defendants.

No. 11A01–9108–CV–236.

Court of Appeals of Indiana,
First District.

Feb. 27, 1992.

W.F. Conour, Rex E. Baker, Conour•Doehrman, Indianapolis, for appellant-plaintiff.

Scott M. Kyrouac, John Christopher Wall, Wilkinson, Goeller, Modesitt, Wilkinson & Drummy, Terre Haute, for appellees-defendants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Bertha McCullough appeals the jury verdict against her in her products liability claim. We reverse and remand.

## ISSUE

We consolidate and rephrase the issues as:

Did the trial court abuse its discretion in excluding McCullough's rebuttal witness?

## FACTS

In November 1986, McCullough purchased a step ladder from Sherwin–Williams Co. ("SWC") which was manufactured by Archbold Ladder Co. ("Archbold"). On October 2, 1987, McCullough fell from the step ladder while attempting to hang visqueen on her porch. She sued claiming that because the step ladder was defective, it broke and caused her fall. The defendants denied the step ladder was defective and asserted the affirmative defense of misuse, arguing that McCullough lost her balance and toppled the step ladder causing it to break.

On March 22, 1989, McCullough answered interrogatories. When asked to identify expert witnesses consulted or retained for trial, McCullough responded that she had not yet determined what experts would be called at trial. On February 12, 1990, McCullough filed her witness list. On September 21, 1990, McCullough filed an additional witness list which included, "All witnesses necessary for rebuttal." None were specifically identified.

At trial, McCullough presented the expert testimony of James Taylor regarding the standards for wood ladders. Taylor opined that the wood was rotted and defective and broke causing McCullough to fall. Archbold and SWC called their own expert witness, Professor Harold Core. Core testified that the step ladder was not rotted. Edwin Burdette, an engineer and accident reconstructionist, was another expert witness offered by Archbold and SWC. Burdette hypothesized that McCullough climbed too high, lost her balance and fell, toppling the step ladder and breaking it. McCullough attempted to offer the rebuttal testimony of James Sobek, an engineer and physicist, to rebut Burdette's hypothesis. The court sustained Archbold and SWC's objection and excluded the rebuttal testimony. The jury returned a verdict against McCullough. Other relevant facts will be presented in our discussion of the issues.

## DISCUSSION AND DECISION

■ McCullough contends that the trial court erred in its ruling because she was not required to disclose rebuttal witnesses. Generally, a party is under no obligation to provide a list of rebuttal witnesses. *Smith v. State* (1990), Ind., 553 N.E.2d 832, 835; *Phillips v. State* (1990), Ind., 550 N.E.2d 1290, 1300. Citing *Tanner v. State* (1984), Ind., 471 N.E.2d 665, 667, the trial court excluded Sobek because it found that McCullough anticipated calling Sobek several months before trial and failed to disclose such to Archbold and SWC. *See*

Record at 1156. However, in *Tanner,* the court allowed the testimony which tends to support a conclusion opposite that of the trial court. The trial court read *Tanner* too narrowly. In *Hatcher v. State* (1987), Ind.App., 510 N.E.2d 184, 187, the court reiterated the rule stating that a rebuttal witness may testify even though the witness's name is not on the witness list, because the very nature of such a witness makes it impossible to anticipate him being called. In other words, although one may foresee the possibility of calling a rebuttal witness, one cannot anticipate the necessity of calling the rebuttal witness until the opposing party's evidence creates the need. If we followed the trial court's reading of the rule, except for rebuttal witnesses not discovered until after the trial commenced, no other rebuttal witnesses would be permitted to testify because they would have been anticipated. Therefore, we conclude the trial court's basis for excluding Sobek was error.

Archbold and SWC correctly assert that the trial court must be affirmed if any theory supports its exclusionary ruling. *See Rohm v. State* (1990), Ind., 558 N.E.2d 1100, 1103. At trial, Archbold and SWC also sought exclusion of Sobek's testimony claiming that McCullough had breached her duty to supplement her answers to interrogatories and her witness list once she consulted with Sobek as an expert witness. The 1989 interrogatories had asked McCullough to identify any experts consulted or retained for trial. McCullough did not consult Sobek until October 2, 1990, two weeks after she submitted her supplemental witness list suggesting the possibility of rebuttal witnesses.

Archbold and SWC argue that Ind.Trial Rules 16(G) and 26(E) required McCullough to notify them immediately after she consulted Sobek since he was a potential rebuttal witness. T.R. 16(G) provides that after the pre-trial conference, any additional witnesses should be disclosed immediately to the court and opposing parties. T.R. 26(E)(1)(b) states that a response to discovery should be supplemented with after-acquired information of expert witnesses expected to be called at trial. The response should also be corrected when the response is no longer true. However, neither T.R. 16(G) nor T.R. 26(E) discusses disclosure of rebuttal witnesses. Also, T.R. 26(E)(2)(b) is not triggered because the interrogatories requested identification of expert witnesses McCullough consulted or retained to prepare for trial or those expected to be called to testify. McCullough did not have to disclose any privileged information from experts consulted in preparation of trial that she did not intend to call as witnesses. T.R. 26(B)(1), (4)(b). Furthermore, McCullough did not expect to call Sobek as a witness. Sobek was considered only as a possible rebuttal witness. Archbold and SWC do not cite any Indiana authority extending the rules to include rebuttal witnesses.[1]

Instead, the cases support McCullough's position that rebuttal witnesses need not be disclosed. Our supreme court has held that a rebuttal witness is permissible even though his name is not on the witness list as it is impossible to anticipate the calling of such a witness. For example, in *Phillips,* 550 N.E.2d 1290, the State became aware of a witness a week before trial but did not inform the defendant because it did not anticipate calling the witness at trial. *Id.* at 1300. During the trial, the State offered the witness as a rebuttal witness. The Indiana Supreme Court stated that the State was not required to list the names of rebuttal witnesses. *Id.* (citing *Tanner,* 471 N.E.2d at 667).

We note that in *Ottinger v. State* (1977), Ind.App., 370 N.E.2d 912, the court's exclusion of the defendant's witness was not an

---

1. Archbold and SWC refers to *Mauricio v. State* (1985), Ind., 476 N.E.2d 88, 94, and *Reid v. State* (1978), 267 Ind. 555, 564–65, 372 N.E.2d 1149, 1154, claiming their holdings require disclosure of rebuttal witnesses which the defendant requested and which were well known to the State. These are criminal cases where the State had the duty to provide exculpatory evidence to the defendant. The exculpatory evidence was in the form of rebuttal witnesses. We reject Archbold and SWC's interpretation that these cases stand for the general proposition that all rebuttal witnesses must be disclosed.

abuse of discretion where the defendant had answered an interrogatory stating that he would not be calling any witnesses. *Id.* at ——, 370 N.E.2d at 916. On the day of trial, the defendant reneged and sought to present two witnesses not disclosed to the State beforehand. Ottinger made no effort to notify the State before trial that he planned to call any witnesses, contrary to his prior interrogatory response. Unlike Ottinger, McCullough did represent affirmatively in her witness list that necessary rebuttal witnesses would be called at trial. Therefore, we conclude that the exclusion of the witness in *Ottinger* is not a warranted sanction here.

■■ Archbold and SWC further argue that Sobek was not a proper rebuttal witness. Rebuttal evidence is that which tends to explain, contradict, or disprove an adversary's evidence. *Jones v. State* (1991), Ind.App., 569 N.E.2d 975, 982. An examination of the proferred testimony discloses that Sobek was a proper rebuttal witness. Archbold and SWC had presented the expert testimony of Burdette, opining that McCullough lost her balance, fell, and broke the step ladder. Sobek's testimony tended to rebut Burdette's opinion because Sobek claimed that the physical evidence made it impossible for the fall to have occurred as Burdette contended. Although Sobek's testimony could conceivably have been used in the case-in-chief, since it was also proper rebuttal evidence, the court should have allowed it.

■■ McCullough also contends that Archbold and SWC waived their objection to the rebuttal testimony and were estopped by their failure to request identification of the rebuttal witnesses earlier. Archbold and SWC were not unreasonable in failing to ask for specific identification of rebuttal witnesses which McCullough was not required to disclose. Thus, we do not find that Archbold and SWC were precluded on the basis of waiver or estoppel from objecting to the rebuttal testimony.

■■ Even if we had determined that McCullough had a duty to disclose Sobek as a rebuttal witness, the proper remedy was not exclusion of the testimony. The court has discretion to determine the appropriate sanction for a party's discovery violation. *Osborne v. State* (1981), Ind., 426 N.E.2d 20, 25. An order compelling disclosure and a continuance are the usual appropriate remedies. Exclusion of the evidence may be imposed where a violation is grossly misleading or demonstrates bad faith. *Id.* Even assuming noncompliance, exclusion is appropriate only when a discovery order has been blatantly and deliberately violated. *See Patel v. State* (1989), Ind., 533 N.E.2d 580, 585; *see also, Phillips*, 550 N.E.2d at 1300; *see e.g., Brown v. Terre Haute Regional Hospital* (1989), Ind.App., 537 N.E.2d 54, 58 (bad faith violation warranted exclusion of expert witness); *Beird v. Figg & Muller Engineers, Inc.* (1987), Ind.App., 516 N.E.2d 1114, 1122–23. We review the court's exclusion of a witness for an abuse of discretion. *Patel*, 533 N.E.2d at 585.

■■ There is no evidence here that McCullough failed to disclose the rebuttal witness in bad faith or did so blatantly and deliberately. Absent bad faith, exclusion of the testimony was not mandated. We find that the trial court abused its discretion in excluding Sobek's testimony, and a new trial is warranted.

Reversed and remanded for a new trial.

CONOVER, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent. Under the current rules governing rebuttal witnesses, I can see no reason we should not respect the trial judge's exercise of his discretion.

## DISCRETION

I begin from the proposition that the admission of all evidence, including rebuttal evidence, is a matter of trial court discretion. *Eversole v. Consolidated Rail Corp.* (1990), Ind.App., 551 N.E.2d 846, 854, *trans. denied.* Moreover, the order of admission of evidence is also committed to

the trial court's discretion. Ind. Trial Rule 43(G); *State Farm Mut. Auto Ins. Co. v. Shuman* (1977), 175 Ind.App. 186, 200, 370 N.E.2d 941, 952, *trans. denied.* We will reverse a trial court decision on the admission of evidence only for an abuse of discretion, *Eversole, supra,* which occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn from those facts and circumstances. *Myers v. Myers* (1990), Ind., 560 N.E.2d 39. "The term 'discretion' implies the absence of a hard and fast rule or a mandatory procedure regardless of varying circumstances." *Stone v. State* (1989), Ind.App., 536 N.E.2d 534, 538, *trans. denied.* In short, matters committed to judicial discretion are those requiring an on-the-spot decision to be made in light of the trial judge's knowledge, sense of fairness and equity, and the facts and circumstances present in the courtroom. *See id.*

Given this setting, I turn to the testimony of the various experts and the law of rebuttal witnesses.

## THE EXPERTS

The central issue in this trial was whether McCullough fell from the ladder because she lost her balance or because the ladder was defective. McCullough's theory of the case, as revealed by her testimony and that of her expert Taylor, was that the step on which she stood was rotted, and that her weight caused the step to sag, which in turn caused the side rail of the ladder to break outwards, leading her to fall. The theory of the defense, as expressed by experts Core and Burdette, was that the step was not rotted, and that McCullough lost her balance and fell on the side rail, causing it to break inwards. Each of the competing theories was laid out in deposition testimony and adhered to almost verbatim at trial.

In McCullough's offer to prove Sobek's testimony, Sobek stated the defense experts were wrong, and that the only way the accident could have happened was in the manner described by Taylor. The trial

judge refused to admit the testimony on two grounds: 1) McCullough had not disclosed Sobek's identity or anticipated testimony to the defense, and 2) the testimony was not proper rebuttal evidence. I believe both of these grounds are valid, and would therefore affirm the trial court.

## REBUTTAL EVIDENCE

### 1. *Failure to Disclose*

The modern rule, upon which the majority bases much of its opinion, that a party is not obliged to provide a list of rebuttal witnesses, originated in our supreme court's decision in *Chatman v. State* (1975), 263 Ind. 531, 334 N.E.2d 673. In *Chatman,* a state's witness was declared hostile after taking the stand, then was passed back and forth between the prosecution and the defense for repeated episodes of direct and cross examination. The trial court allowed another state's witness to rebut the hostile witness's testimony, even though the second witness was not on the State's witness list. Without citation, the trial judge's decision was affirmed because the second witness's testimony "was rebuttal which [the State] could not have been expected to anticipate." *Id.* at 546, 334 N.E.2d at 682.

In the 17 years since *Chatman,* all the cases discussing the "no disclosure" rule, including those relied upon by the majority, have been criminal cases. My research has revealed that in all of these cases, the State, as it did in *Chatman,* offered the challenged rebuttal testimony under circumstances markedly different from those present here. *See, e.g., Smith v. State* (1990), Ind., 553 N.E.2d 832 (defendant took the stand and said he had no pistol at the time of the crime; State was allowed to present rebuttal witness who saw defendant with pistol); *Phillips v. State* (1990), Ind., 550 N.E.2d 1290 (defense witness denied telling a friend he saw defendant commit murder; State was allowed to call the friend in rebuttal); *Dorsey v. State* (1986), Ind., 490 N.E.2d 260 (defendant filed late alibi notice; State had no prior chance to acquire rebuttal witness); *Tanner v. State* (1984), Ind., 471 N.E.2d 665 (defendant

knew before trial State planned to call rebuttal witness whose name was not on witness list; defendant was given the opportunity to depose rebuttal witness and therefore could not show he was denied a fair trial); *Smith v. State* (1982), Ind., 439 N.E.2d 634 (police realized upon entering courtroom on day of trial that defendant was the person they saw entering the victim's house just before the crime; State was allowed to introduce their testimony to rebut defendant's alibi); *Tillman v. State* (1980), 274 Ind. 39, 408 N.E.2d 1250 (alibi witnesses testified defendant was playing cards at time of crime; State was allowed to call rebuttal witness who heard alibi witnesses state they planned to manufacture card-playing story); *Thompkins v. State* (1978), 270 Ind. 163, 383 N.E.2d 347 (defendant filed alibi notice one week before trial; State was allowed to rebut); *Hatcher v. State* (1987), Ind.App., 510 N.E.2d 184 (State was allowed to use testimony of family therapist to rebut effect of defendant's molestation upon victim).

Although the distinction between the present civil case and the *Chatman* criminal cases might give reason to pause, the main difficulty I have with the majority's decision is that it works a sea change in the *Chatman* rule.

The *Chatman* line of cases stands for the proposition that the admission of testimony from a previously undisclosed and unanticipated rebuttal witness is a matter for the trial court's discretion. As I stated earlier, the term discretion implies the absence of set rules, *Stone, supra*, and matters of discretion are reviewable only for abuse. *Eversole, supra.* Today's decision, however, removes the trial court's discretion, and in essence requires the admission of testimony from all rebuttal witnesses.

The second difficulty I have with reliance on the *Chatman* line of cases is that I find *Chatman* and its progeny inapplicable to the present case. Admission of testimony of a previously undisclosed rebuttal witness under *Chatman* is premised on the inability of the testimony's proponent to anticipate the need for the testimony. Here, assuming *arguendo* Sobek's testimony was proper rebuttal, McCullough was able to anticipate, and in fact did anticipate, not only the need for Sobek's testimony, but also its actual use as well. McCullough took the depositions of the two defense experts on October 1, 1990. The very next day, she consulted with Sobek, gaining the testimony of an expert in anticipation of Burdette's testimony.[1] Six months later, Burdette testified in conformity with his deposition exactly as anticipated, and McCullough then sought to introduce Sobek's testimony—exactly as anticipated.[2]

McCullough knew of Burdette's testimony and her planned use of Sobek's testimony in response, and she therefore should have disclosed Sobek to the defense.[3] My

---

1. In my view, McCullough, who had only one expert prior to October 2, 1990, also retained Sobek for the perfectly reasonable tactical purpose of having the same number of experts to impress the jury as the defense had.

2. As our supreme court stated in *Smith v. State, supra,* 553 N.E.2d at 835, a party "is permitted to seek out and call persons to rebut *hitherto-unexpected claims.*" (Emphasis added.) Here, there were no unexpected claims.

3. In refusing to admit Sobek's testimony, Judge Yelton noted he would not allow McCullough to state she could not anticipate that Burdette would testify in conformity with his sworn deposition. Indeed. Unless we are willing to hold that all experts will change their testimony simply to win a case, thereby subjecting themselves to possible perjury charges, McCullough, other parties in similar situations, and the courts should all anticipate that experts and non-ex-

perts alike will testify in conformity with their prior sworn statements.

Perjury issues aside, experts and non-experts of course sometimes change their testimony, whether due to faulty recollection, new facts brought to light after the prior statement, the heat of cross-examination, or some other cause. Those are the times when the *Chatman* rule steps in to allow rebuttal from an unanticipated, previously undisclosed witness. Thus, in this case, if Burdette somehow changed his theory of the case and testified inconsistently with his deposition, the use of Sobek, or any other expert, to rebut the new story would have been entirely appropriate under *Chatman.*

I believe this latter scenario is what the majority was referring to on page 160 of the opinion when it expressed concern that affirming Judge Yelton's ruling would preclude the use of any rebuttal witness discovered before a trial commences. If McCullough had retained Sobek in

conclusion, based on all I have said to this point, is buttressed by the nature of the trial court's pre-trial order under Ind.Trial Rules 16 and 26.

A pre-trial order, properly entered under T.R. 16(J), defines the issues for trial and controls the subsequent course of the proceedings. T.R. 16(J); *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73. T.R. 16(J) does not refer specifically to witnesses. Nonetheless, the language of T.R. 16(C)(4) and T.R. 16(G), requiring the parties to exchange witness lists and present them to the court at the pre-trial conference, coupled with the requirement under T.R. 16(J) that the order "recite[ ] the action taken at the conference," leave no doubt the pre-trial order controls witnesses as well as issues.[4] The pre-trial order here specifically stated that witnesses disclosed within 30 days of trial would be allowed to testify only on good cause and that the order would be strictly enforced. *Record* at 84. The trial court in essence found McCullough had not shown good cause to allow Sobek, disclosed at the close of all the evidence, to testify. Given the contents of the pre-trial order and the effect of T.R. 16, I can see no abuse of discretion in that finding. *See Eagle Motor Lines v. Galloway* (1981), Ind.App., 426 N.E.2d 1322, 1327, *trans. denied* (trial courts have broad discretion to interpret their pre-trial orders).

Moreover, T.R. 26 specifically states that parties are under a duty to supplement their discovery responses to include "[t]he identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony." T.R. 26(E)(1)(b). The majority states

that this subsection makes no reference to disclosure of rebuttal witnesses. *Majority opinion* at 160. Our supreme court, however, has held that, given the continuing nature of discovery orders, T.R. 26(E) requires the disclosure of rebuttal evidence acquired after initial compliance with discovery orders. *Reid v. State* (1978), 267 Ind. 555, 564, 372 N.E.2d 1149, 1154. I interpret the *Reid* decision to apply exactly to this case: McCullough acquired Sobek's evidence after her initial compliance with discovery, she anticipated and planned for six months to use that evidence, and she was therefore required to disclose. If, as I hypothesized in note 3, *supra*, Burdette had changed his testimony, McCullough could then have used Sobek as her "ace in the hole" to rebut the changes. In that instance, I believe the *Reid* decision would dictate a finding she had not "acquired" the evidence and therefore, had no duty to disclose it to the defense. As it happened, however, *Reid* controls and McCullough should have disclosed.[5]

All I have said thus far presupposes Sobek's proferred testimony was proper rebuttal testimony. In my opinion, however, Sobek's testimony was clearly evidence McCullough should have put on during her case-in-chief.

## 2. *Nature of Sobek's testimony*

As I mentioned above, McCullough retained Sobek to determine the cause of the accident. Only two possible competing causes were revealed by the depositions and the testimony: a faulty ladder or an unfortunate slip by McCullough. Sobek's testimony championed the idea of a faulty ladder, and should have been proferred

---

rebuttal to Burdette, and Burdette changed his opinion, then McCullough would have "forsee[n] the *possibility* of calling a rebuttal witness [but she could not be said to have] ... anticipate[d] the *necessity* of calling the rebuttal witness until [Burdette's new opinion] created the need." *Majority opinion* at 160 (emphasis added). In that instance, I too would hold exclusion of Sobek's testimony error. Burdette, however, testified in conformity with his deposition, and thus, the majority's fear, applicable in my hypothetical, is unfounded here.

4. Of course, T.R. 16(J) also allows the trial court to amend the pre-trial order "to prevent manifest injustice," and this also naturally applies to witnesses as well as issues.

5. I do not wish to be misinterpreted. I am not attempting to hold Sobek's testimony was inadmissible on rebuttal. Rather, the problems I have outlined lead me to vote that Judge Yelton was well within his discretion to refuse to admit the testimony.

with Taylor's testimony during McCullough's case-in-chief.

There are two well-settled propositions in Indiana regarding the admission of case-in-chief evidence on rebuttal. The first is the rule that an appellant who is allowed to rebut an adversary's case-in-chief testimony admitted on rebuttal presents no reversible error. *Wesby v. State* (1989), Ind., 535 N.E.2d 133, 137; *Griffith v. State* (1959), 239 Ind. 321, 323, 157 N.E.2d 191, 192.[6]

The second, applicable here, is that admitting evidence out of order is a matter entrusted to the trial court's discretion, and the decision to admit or exclude out of order evidence is reversible only for an abuse of discretion. *Carter v. Aetna Life Ins. Co.* (1940), 217 Ind. 282, 27 N.E.2d 75 (out of order evidence admitted); *Stewart v. Smith* (1887), 111 Ind. 526, 13 N.E. 48 (out of order evidence excluded); *State Farm Mut. Auto Ins. Co., supra* (out of order evidence admitted); *City of Indianapolis v. Heeter* (1976), 171 Ind.App. 119, 355 N.E.2d 429 (out of order evidence excluded); *Waugaman v. Gary Methodist Hospital of Gary, Inc.* (1972), 151 Ind.App. 279, 279 N.E.2d 240 (out of order evidence excluded); *Indianapolis Transit, Inc. v. Moorman* (1963), 134 Ind.App. 572, 189 N.E.2d 111 (out of order evidence admitted). As the *Griffith* court, citing only civil cases, stated:

> [o]rderly procedure requires that a party not divide his evidence in chief and give part in chief and part in rebuttal and if he goes into a subject originally he should present all of his evidence upon that point, and, if he does not do so, he cannot complain that he is not permitted to present such evidence out of order, except on showing a clear abuse of discretion by the court.

*Griffith*, at 322, 157 N.E.2d at 192.

Today, the reasoning of all the cases cited in the preceding paragraph is embedded in our trial rules. Ind. Trial Rule 43(G) provides:

> The trial shall proceed in the following order, *unless the court within its discretion, otherwise directs:* First, the party upon whom rests the burden of the issues may briefly state his case and the evidence by which he expects to sustain it. Second, the adverse party may then briefly state his defense and the evidence he expects to offer in support of it. Third, the party on whom rests the burden of the issues must first produce his evidence thereon; the adverse party will then produce his evidence which may then be rebutted.

(Emphasis added.) Judge Yelton exercised his discretion and refused to depart from the order of evidence prescribed by T.R. 43(G). In my view, McCullough has failed entirely in her burden as appellant to show Judge Yelton's decision was an abuse of discretion.[7]

## CONCLUSION

The decision whether to admit Sobek's testimony was a matter entrusted to the trial court's discretion. Regardless of whether the testimony was proper rebuttal evidence or case-in-chief evidence, it was subject to exclusion, both as a matter of settled case law and as a matter of conformity with the trial rules. I also believe the facts of the case, including the time and length of Sobek's retention as an ex-

6. The common law rule discussed by the *Griffith* court, rooted in principles of fairness, was added to the statute providing the order of evidence in criminal trials, Burns' Ind.Stat.Ann. § 9–1805, in 1971 to allow case-in-chief evidence on rebuttal in "furtherance of justice" upon a showing of good cause. *See Shelby v. State* (1972), 258 Ind. 439, 281 N.E.2d 885. The same language exists in today's successor statute to § 9–1805, IND.CODE 35–37–2–2(3).

7. As I discussed in note 5, *supra*, I do not believe Sobek's testimony was necessarily inadmissible.

If Judge Yelton had admitted the testimony as out of order case-in-chief testimony and in turn allowed the defense to rebut, I would again find no abuse of discretion. *See Griffith, supra; Board of Comm'rs of Delaware County v. Briggs* (1975), 167 Ind.App. 96, 127–28, 337 N.E.2d 852, 872, *reh'g denied,* 167 Ind.App. 96, 340 N.E.2d 373, *trans. denied* (appellant could show no abuse of discretion when trial court allowed appellee to admit out of order evidence and then gave appellant the chance to rebut).

pert, the contents of the pre-trial order, the constancy of the defense experts' testimony, and the substance of Sobek's testimony, demonstrate McCullough was attempting trial by ambush. That she failed should not be grounds for reversal and a costly new trial.

I dissent and vote to affirm the judgment of the trial court in all respects.