Bertha McCULLOUGH, Appellant,

v.

ARCHBOLD LADDER CO. and
The Sherwin–Williams Co.,
Appellees.

No. 11S01–9301–CV–004.

Supreme Court of Indiana.

Jan. 6, 1993.

W.F. Conour, Rex E. Baker, Conour Doehrman, Indianapolis, for appellant Bertha McCullough.

Scott M. Kyrouac, John Christopher Wall, Wilkinson, Goeller, Modesitt, Wilkinson & Drummy, Terre Haute, for appellees Archbold Ladder Co. and The Sherwin–Williams Co.

Norman T. Funk, Hill,. Fulwider, McDowell, Funk & Matthews, Indianapolis, for amicus curiae Indiana Defense Lawyers Ass'n.

## ON PETITION TO TRANSFER

KRAHULIK, Justice.

We grant transfer to decide whether a party is under an obligation to disclose the identity of an expert rebuttal witness in a civil case. Archbold Ladder Co. and The Sherwin–Williams Co. (Defendants–Appellees below) seek transfer after the Court of Appeals granted Bertha McCullough (Plaintiff–Appellant below) a new trial on the grounds that the trial court erroneously excluded testimony, offered in rebuttal, of a non-disclosed expert retained by McCullough. *McCullough v. Archbold Ladder Co.* (1992), Ind.App., 587 N.E.2d 158. (Ratliff, P.J., and Conover, J., concurring; Baker, J., dissenting with opinion.)

### *Facts*

In 1987, McCullough fell from a stepladder manufactured by Archbold and purchased from Sherwin–Williams. She sought recovery under Indiana's Product Liability Act, *Ind.Code* § 33–1–1.5–1 through § 33–1–1.5–8, alleging that the stepladder was unreasonably dangerous. She also sought recovery on a theory of negligence. Discovery commenced and, in 1989, McCullough answered interrogatories. Interrogatory No. 19 sought the identity of each person who had or claimed to have any knowledge relevant to McCullough's claim. Interrogatory No. 20 sought the identity of McCullough's experts. Interrogatory No. 21 sought the identity of each person with whom McCullough or her attorneys had consulted or retained as expert witnesses in preparation of the trial of this cause. McCullough responded that she had not yet determined what experts she would call at trial, but she identified James A. Taylor of Timber Product Specialists in response to Interrogatory Nos. 19 and 21. McCullough made no objection to providing the information requested in Interrogatory No. 21. These answers were never supplemented.

In November 1989, a pre-trial order was entered, pursuant to which the parties were to file and exchange witness lists. The order also provided that "any witness or exhibit disclosed within thirty days of trial shall be permitted during trial only by leave of court and only for good cause shown," and that "pursuant to Indiana Trial Rule 16, this Order, together with the filings herein ordered, shall control these proceedings, constitute the pre-trial order, and be strictly. enforced by the court." In February 1990, McCullough filed a witness list indicating that James Taylor would be a witness. In September 1990, McCullough filed an additional witness list adding "all witnesses necessary for rebuttal" but identifying none of the rebuttal witnesses by name.

Depositions of the parties' experts were taken. On October 2, 1990, one day after deposing defendants' experts, plaintiff's counsel contacted James Sobek and asked him to examine the ladder and determine what caused the ladder to break. Sobek was never disclosed as a witness prior to trial.

Trial commenced in April 1991. In her case in chief, McCullough presented the expert testimony of James Taylor who opined that the use of defective lumber in the stepladder led to the rotting of the ladder at the point of breakage, reducing its strength and causing it to break. Defense expert, Harold Core, testified that the wood of the ladder was not rotted. Edwin Burdette, also a defense expert, hypothesized that McCullough climbed too high on the ladder, lost her balance, and

broke the ladder when she fell on it. All of this expert testimony was consistent with the testimony given by the witnesses at their respective depositions.

After the defendants rested, McCullough called Sobek as an expert witness in rebuttal. Sobek is an engineer and physicist who would have testified that, based on his review of the physical evidence, the hypothesis offered by defense expert Burdette could not have been accurate. Defendants objected to Sobek's proffered testimony on the grounds that (1) Sobek had not been disclosed prior to trial either in answers to interrogatories or on McCullough's witness list, and (2) Sobek's testimony should have been presented in McCullough's case in chief and, therefore, was not proper in rebuttal. Relying on *Tanner v. State* (1984), Ind., 471 N.E.2d 665, for the proposition that the nondisclosure of rebuttal witnesses is permissible only when a party is unable to anticipate the calling of that witness and noting that the spirit of the discovery rules are designed for disclosure of witnesses, the court refused to allow Sobek to testify. The jury returned a verdict in favor of the defendants, and McCullough appealed.

The majority of the Court of Appeals concluded that because a rebuttal witness need not be disclosed under Indiana law, McCullough was under no obligation to identify Sobek, and it rejected defendants' alternate contentions that McCullough was under a duty to supplement her discovery responses. The majority held that the trial court had abused its discretion in excluding Sobek's testimony because exclusion of a witness is appropriate only when a discovery order has been blatantly and deliberately violated. Judge Baker dissented on the grounds that even if Sobek's testimony was proper rebuttal testimony, McCullough was obligated to disclose his identity prior to trial, and the trial court acted within its discretion in excluding the testimony of an undisclosed expert.

In their petition to transfer, defendants contend that (1) McCullough was obligated to disclose the identity of Sobek as a rebuttal witness; (2) Sobek was not a true rebuttal witness; and (3) exclusion of Sobek's testimony was appropriate.

### Disclosure of Rebuttal Witnesses

Defendants argue that a known and anticipated rebuttal witness must be disclosed; plaintiff argues that disclosure is not required. Support for both propositions is found in the case law. For example, in *Chatman v. State* (1975), 263 Ind. 531, 334 N.E.2d 673, the State was allowed to call an undisclosed witness to rebut factual testimony from another occurrence witness offered at trial. This Court noted that the failure to have listed the witness prior to trial was not material because the testimony offered "was rebuttal which [the State] could not have been expected to anticipate." 263 Ind. at 546, 334 N.E.2d at 682. Similarly, in *Smith v. State* (1990), Ind., 553 N.E.2d 832, this Court held that where the State was unaware of the existence of a rebuttal witness until it had rested its case and there was no attempt to mislead the defendant, the State's failure to list the witness was excusable. In explaining the rule of nondisclosure of a rebuttal witness, this Court noted that it was obvious that the very nature of a trial gives rise to the likelihood that issues will be raised during the defendant's case which the State could not logically anticipate, and that the State "is permitted to seek out and call persons to rebut hitherto-unexpected claims." *Id.* at 835. Also, in *Tanner v. State* (1984), Ind., 471 N.E.2d 665, this Court held that allowing a previously-unidentified witness to testify in rebuttal was not an abuse of discretion because "it is impossible to anticipate the calling of such a witness." *Id.* at 667. These cases discuss the nondisclosure of a rebuttal witness in the context of a party's inability to anticipate the need for or lack of knowledge about the identity of a rebuttal witness and, therefore, tend to support the defendants' argument.

■ McCullough points to language in other Indiana cases in support of her position that she had no obligation to disclose the identity of her rebuttal witness. For example, in *Floyd v. State* (1987), Ind., 503

N.E.2d 390, 394, this Court held that "[t]he State is under no obligation to provide a defendant with a list of its rebuttal witnesses." *Accord Smith v. State* (1990), Ind., 553 N.E.2d 832, 835; *Thompkins v. State* (1979), 270 Ind. 163, 169, 383 N.E.2d 347, 350 ("Given that the State was under no obligation to provide the defendant with a list of its rebuttal witnesses, the court was under no obligation to grant the defendant's motion for a continuance.") These cases tend to support McCullough's argument that Indiana law did not require disclosure of rebuttal witnesses under any circumstances.[1]

■ After reviewing these cases, we hold that the *Chatman* line of cases expresses the better rule: the nondisclosure of a rebuttal witness is excused only when that witness was unknown and unanticipated; known and anticipated witnesses, even if presented in rebuttal, must be identified pursuant to a court order, such as a pre-trial order, or to a proper discovery request.

Several sources persuade us that this is the better rule. First, a trial is, in part, a factual search for the truth. *See Graves v. State* (1986), Ind., 496 N.E.2d 383, 386 (addressing evidence which is "potentially important to the search for truth"); *Johnson v. State* (1987), Ind., 507 N.E.2d 980, 986, *cert. den.* 484 U.S. 946, 108 S.Ct. 335, 98 L.Ed.2d 362 (rule regarding preservation of evidence is, in part, to make of the trial a search for truth informed by all relevant material); *see also* dissenting opinion of DeBruler, J., in *Mauricio v. State* (1985), Ind., 476 N.E.2d 88, 95 ("the State may not insist that trials be run as a search for truth so far as defense witnesses are concerned while maintaining poker game secrecy for its own witnesses").

Second, disclosure of the identity of all witnesses fulfills the objectives of Indiana's discovery rules. One of the purposes of our discovery rules is "to provide parties with information essential to the litigation of all relevant issues, to eliminate surprise, and to promote settlement with a minimum of court involvement." *Canfield v. Sandock* (1990), Ind., 563 N.E.2d 526, 528. "The true spirit of the new discovery rules may be described as two-fold: (1) to provide for a minimum of court involvement in the discovery process, and (2) to allow for a more liberal discovery procedure." *Chustak v. Northern Ind. Pub. Service Co.* (1972), 259 Ind. 390, 395, 288 N.E.2d 149, 152–3. That our rules favor the disclosure of witnesses before trial is evident in Indiana Trial Rules 26 and 16.

■ We are not persuaded by McCullough's argument that Sobek was not a "known and anticipated" rebuttal witness. McCullough argues that even if she anticipated the need for Sobek's testimony before trial, as demonstrated by her attorneys' consulting with him, she could not possibly "know" whether she would actually call Sobek until the defendant's experts testified. This is so, explains McCullough, because if defendants' experts had changed the opinions they expressed at their depositions, there would have been no need to rebut their testimony. We do not agree. A "known" witness refers to knowledge of the existence of that witness. An "anticipated" witness is one which a party or her counsel anticipates the need for at trial. Here, the comments of McCullough's counsel at trial demonstrate that he knew of Sobek as a potential witness, and that he anticipated using Sobek at trial. Thus, Sobek was a known and anticipated rebuttal witness.

---

1. Relying on *Cua v. Ramos* (1982), Ind., 433 N.E.2d 745, 750, McCullough also argues that defendants have waived their argument by failing to object at the time her witness list was filed. In *Cua*, the defendant's witness list contained a catch-all phrase which included "all witnesses appearing on plaintiff's witness list." At trial, the defendant called a witness who was not individually identified on the defendant's witness list, but whose name appeared on plaintiff's list. When plaintiff objected to the witness being called, the trial court ruled that plaintiff had waived the objection because there was no objection at the time the witness list was filed *and* because the witness's name appeared on plaintiff's witness list. Here, Sobek's name did not appear on any witness list or in any other discovery response. *Cua*, therefore, is not controlling.

■ McCullough also argues that she was under no duty to supplement her answers to interrogatories because a pre-trial order had been entered. Clearly, had no pre-trial order been entered here, Indiana Trial Rule 26(E)(1) would have required McCullough to supplement her responses to Interrogatories 19, 20, and 21. However, McCullough is correct that the pre-trial order, once entered, controls, and any required disclosure revolves around interpretation of and compliance with the pre-trial order. Ind. Trial Rule 16; *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, 76; *Hundt v. LaCrosse Grain Co.* (1981), Ind. App., 425 N.E.2d 687, 692. Here, the pre-trial order does not address supplementation of answers to interrogatories and defendants made no request for supplementation after the pre-trial order was entered. Therefore, Trial Rule 26 did not mandate supplementation.

■ Even so, the pre-trial order did require disclosure of witnesses, and we find the fact that the order did not refer specifically to rebuttal witnesses of no moment. The pre-trial order was sufficient to have required McCullough to include Sobek's name on her witness list.[2]

### Proper Rebuttal Testimony

■ We are not persuaded by the defendants' argument that McCullough was obligated to present Sobek in her case in chief. "Rebuttal evidence is evidence which tends to explain, contradict, or disprove an adversary's evidence." *Watkins v. State* (1988), Ind., 528 N.E.2d 456, 459. Trial courts may exclude testimony offered in rebuttal which should have been presented in the party's case in chief. *Carter v. Aetna Life Ins. Co.* (1940), 217 Ind. 282, 292, 27 N.E.2d

75, 78–79. However, such a decision is left to the sound discretion of the trial court. Ind. Trial Rule 43(C); *Watkins*, 528 N.E.2d at 459. We need not decide whether under the facts of this case Sobek's testimony should have been presented in the plaintiff's case in chief because the record reveals that the trial court excluded Sobek's testimony on the grounds that plaintiff had not disclosed Sobek as an expert witness, not on the grounds that Sobek's testimony was improper rebuttal.

### Discretion

■ Finally, defendants contend that, contrary to the conclusion of the majority of the Court of Appeals, exclusion of Sobek's testimony was not an abuse of the trial court's discretion. We have often stated that appropriate sanctions for failure to comply with a trial court's order concerning discovery is a matter committed to the sound discretion of the trial court. Ind. Trial Rule 37; *Patel v. State* (1989), Ind., 533 N.E.2d 580, 585; *Logal v. Cruse* (1977), 267 Ind. 83, 88–89, 368 N.E.2d 235, 238, *cert. den.* (1978), 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539. Discretion is a privilege afforded a trial court to act in accord with what is fair and equitable in each case. *Myers v. Myers* (1990), Ind., 560 N.E.2d 39, 42. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. *Id.*; *Eyler v. Eyler* (1986), Ind., 492 N.E.2d 1071, 1075. Exclusion of the testimony from an undisclosed witness is one of the sanctions available under Trial Rule 37(B)(2). Contrary to the majority opinion of the Court of Appeals, neither our trial

2. We note that with regard to supplementation of answers to interrogatories, the majority of the Court of Appeals held that McCullough would not have been required to identify Sobek because he was a consultant whose opinions would not have to be disclosed under Trial Rule 26(B)(4)(b). We need not decide whether, at some particular time before trial, Sobek's opinions would have been discoverable. We address this point only to note that had McCullough been required to supplement her answers to interrogatories, then Trial Rules 26 and 33 re-

quired McCullough either to identify Sobek or to object to providing the information requested in defendants' interrogatories 19, 20, or 21. The nondisclosure provision contemplated by Trial Rule 26 concerning consultants is not self-executing. In response to a proper discovery request which otherwise would elicit the identity or opinions of a consultant, McCullough would be required to provide the information, or make a prima facie showing that the requested information was protected from disclosure.

rules nor Indiana case law require evidence of bad faith as a prerequisite for excluding testimony. *See, e.g., Plohg v. N.N. Investors Life Ins. Co., Inc.* (1992), Ind.App., 583 N.E.2d 1233, 1238–39; *Brown v. Terre Haute Regional Hosp.* (1989), Ind.App., 537 N.E.2d 54, 58.

 Had the rule concerning disclosure of rebuttal witnesses been clearly established in Indiana, the trial court could properly have excluded Sobek's testimony. Several factors convince us that under these circumstances, however, exclusion of Sobek was too harsh a penalty. First, as discussed above, the case law requiring disclosure of rebuttal witnesses was not clear. Second, we note that nondisclosure of rebuttal witnesses has been a tradition among Indiana trial lawyers. These observations are confirmed by the fact that two of the three members of the panel of the Court of Appeals below agreed that rebuttal witnesses need not be disclosed. Therefore, even though the trial court was enforcing the rule that we announce today, it would be unfair to hold McCullough responsible for failing to predict how this Court would resolve the ambiguity in Indiana's case law. Because Sobek's testimony, if believed by the jury, would likely have produced a different result, McCullough is entitled to a new trial.

### Conclusion

Accordingly, we now grant transfer, vacate the opinion of the Court of Appeals, reverse the trial court, and grant a new trial for McCullough.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents, without separate opinion.