Filed 05/28/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-1822

|  |  |
|---|---|
| DAVID KRAG, as Executor of the Estate of Peter Krag,<br>     Plaintiff<br><br>v.<br><br>UNIVERSITY OF VERMONT MEDICAL CENTER, INC.,<br>     Defendant | DECISION ON MOTION |

## RULING ON MOTION TO STRIKE PLAINTIFF'S PROPOSED REBUTTAL EXPERT

A jury trial is set for June 2, 2025 in this medical negligence action. On May 15th, Plaintiff disclosed a proposed rebuttal expert witness, Dr. Michael Sucher. Defendant seeks to strike that witness on grounds that his disclosure is untimely and allowing him to testify would be prejudicial. As discussed below, the Court GRANTS IN PART the motion to strike, but reserves ruling on whether the motion will implicate true rebuttal testimony.

The civil rules require the disclosure of all expert witnesses, V.R.C.P. 26(b)(5)(A), and parties have a duty to supplement all discovery responses, including the disclosure of experts. V.R.C.P. 26(e)(1)(B). This includes any opinion to be offered in response to the opinions of other parties' experts, which is what Dr. Sucher's proposed testimony seems to be. *See, e.g.*, *McCullough v. Archbold Ladder Co.*, 605 N.E.2d 175, 179 (Ind. 1993) (holding that "the nondisclosure of a rebuttal witness is excused only when that witness was unknown and unanticipated; known and anticipated witnesses, even if presented in rebuttal, must be identified pursuant to a court order, such as a pre-trial order, or to a proper discovery request").

In this case, the deadline for the close of discovery has long passed, and Defendant's experts' opinions were known to Plaintiff since at least August 2024. Thus, any opinions by Dr. Sucher offered in response to Defendant's experts should have been disclosed long ago and within the discovery schedule. Given Plaintiff's failure to do so, and in view of the resulting prejudice to Defendant, his testimony on such topics will not be allowed at trial. *See Hartnett v. Med. Ctr. Hosp. of Vermont*, 146 Vt. 297, 300, 503 A.2d 1134, 1136 (1985) ("[T]he trial court has wide discretion in determining whether to allow witnesses to testify when their identity had not been disclosed before trial." (citation omitted)).

In opposition to the motion to strike, Plaintiff relies on *Zinn v. Tobin Packing Co.*, 140 Vt. 410, 438 A.2d 1110 (1981) and *Barker v. Brattleboro Retreat*, No. S0292-00RCC, 2006 WL 4808317 (Vt. Super. Ct. May 31, 2006) (Norton, J.). However, *Zinn* and *Barker* do not address

the situation where a party was aware of the opinions and anticipated testimony of the opposing party's experts months before trial and failed to disclose the "rebuttal" expert; therefore, those cases are distinguishable. Plaintiff also argues that Dr. Sucher may be called to rebut Defendant's experts' anticipated trial testimony offering opinions that were not disclosed. But expert witnesses typically are not permitted to testify on matters that go beyond their disclosures and the information obtained in depositions; thus, it seems unlikely that Plaintiff's proposed scenario will occur here.

Nevertheless, the Court reserves ruling on Defendant's motion to the extent it addresses "true rebuttal testimony," that is, "a new matter or new facts" injected into the case by Defendant. *Schrader v. Tjarks*, 522 N.W.2d 205, 209 (S.D. 1994); *cf. Thompson v. Illinois Power Co.*, 603 N.E.2d 1303, 1307 (Ill. App. Ct. 1992) ("This case . . . does not present a situation of some emergency necessitating the disclosure of a new expert. Plaintiff knew six months before trial that defendants were contesting the issue of his inability to return to work and yet plaintiff did not disclose [the expert] until several days into the trial."). Further, before being permitted to call Dr. Sucher, Plaintiff will be required to demonstrate that the substance of Defendant's experts' trial testimony was undisclosed and unknown to the extent justifying disclosure of a rebuttal expert two weeks before trial. In addition, should Defendant wish to depose Dr. Sucher, Plaintiff must make Dr. Sucher reasonably available to Defendant for such purpose prior to the start of trial, in a manner agreed to by both parties.[1]

Order

Defendant's motion to strike (Mot. # 27) is GRANTED IN PART. The Court reserves ruling on Defendant's motion to the extent it addresses "true rebuttal testimony," that is, a new matter or new facts introduced by Defendant.

Electronically signed on May 27, 2025 at 5:17 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge

---

[1] The Court agrees with Defendant that continuing the jury trial is not an appropriate remedy for Plaintiff's untimely disclosure.